M. D. WELLS *et al.* v. A. A. HICKOX *et al.*

1. AGENCY—*Contract*—*Acceptance.* . If the plaintiffs accept the contract of their agent, they must accept it as a whole. They cannot accept that which suits them and reject the balance.
2. CONFLICTING EVIDENCE—*Findings, When not Disturbed.* When there is a conflict of testimony of witnesses in the court below, and the preponderance of the evidence seems to be in favor of the defendants, and the court finds the facts to be in favor of said defendants, it is not the province of this court to disturb said findings.
3. ACTION ON NOTE—*Res Judicata.* A promissory note constitutes a single cause of action; and where an owner thereof sues, and recovers upon a portion thereof, such suit is a bar to a recovery upon the remaining portion of said note.

MEMORANDUM.— Error from Lyon district court; CHARLES B. GRAVES, judge. Action by M. D. Wells & Co. against A. A. Hickox and others. Defendants had judgment, and plaintiffs bring error. Affirmed. Opinion filed June 7, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This is an action brought by the plaintiffs in error, who were plaintiffs in the court below, to recover the balance claimed by them to be due upon a promissory note of $1,959.44. The facts in this case show that on the 28th day of January, 1884, the Lyon County Co-operative Association was doing a general mercantile business in Emporia, Lyon county, Kansas, and

that these defendants in error were stockholders and members of the board of directors of said association, and that the said association was on that day indebted to these plaintiffs in the sum of $1,959.44; that they had been about to draw upon said association for said amount, but the managing agent of said association, W. E. McMahon, had asked said plaintiff not to draw upon him until he had seen Mr. Woolsey, the traveling salesman of these plaintiffs; that these plaintiffs sent Woolsey to Emporia for the purpose of settling this account, and Mr. Woolsey settled said account by taking in payment therefor a note, and indorsed upon the back by these defendants and each of them. These defendants in error claim that they agreed to indorse said note and become liable for the payment thereof, provided these plaintiffs would permit them to make payments upon said note by returning to them certain goods, and that Woolsey, claiming that he had been sent to settle this matter by these plaintiffs, agreed with these defendants that if they would indorse said note and become liable for the payment thereof they might return said goods and should receive credit therefor upon said note. Said note, after being executed by said association, and having been indorsed by these defendants, was delivered to said Woolsey as the agent of these plaintiffs. Said Woolsey placed said note in the hands of the Emporia National Bank for collection. On September 4, 1884, these plaintiffs received the return of merchandise valued at $75.60; on September 30, 1884, merchandise, $333.20; October 24, 1884, $165; a total of $574.

It was admitted that on October 3, 1884, the plaintiffs, by C. N. Sterry, their attorney, filed their petition in said court, setting out a copy of the promissory note sued upon in this action, and caused a summons

to be issued thereon ; that said summons was served upon the defendant Lyon County Co-operative Association, and was never served upon these defendants ; that the amount plaintiff asked judgment for was the sum of $1,573, with interest thereon from October 23, 1884, at 10 per cent. per annum ; that Mr. Sterry, who brought the action, was informed by defendants in this case that there had been a payment of $574, which was not shown upon the note ; that the judgment was rendered in that case for the amount prayed for, and for no more, which judgment was afterward paid. It was further admitted by the defendants in this case, that the amount in controversy in this action was not attempted to be collected in the former suit of M. D. Wells & Co. against the Lyon County Co-operative Association referred to above. It also appears that on April 10, 1884, said association purchased a further bill of goods of the plaintiffs in error, amounting to $557.70. The goods received by these plaintiffs were credited to said association on this open account. The plaintiffs in error deny that any arrangement was ever made to pay the note by goods returned, and claim that the open account of April 10 should be paid in full, and claim that Mr. Woolsey had no authority from them to make any arrangement for crediting goods returned upon the note. The former action upon this note seems to have been brought without the knowledge of the plaintiffs in error at the time.

*T. N. Sedgwick*, for plaintiffs in error.
*Graves, Lambert & Dickson*, for defendants in error.

The opinion of the court was delivered by

Dennison, J. : The plaintiffs in error claim : "First, The defendants in error wholly fail to show any con-

tract with the plaintiffs in error by which goods returned were to be credited upon the promissory note. Second. Those dealing with an agent of limited authority are bound at their peril to take notice of the limitations upon his authority.    Third.    There can be no ratification of an agent's unauthorized acts by the principal without full knowledge of these acts. Fourth. There was no understanding or agreement that the goods returned were to be credited upon the note.    Fifth. No suit was ever brought to recover the amount claimed in this action.''

Taking these propositions in the order in which they are laid down, we will say as to the first proposition, '' The defendants in error wholly failed to show any contract with the plaintiffs in error by which goods returned were to be credited upon the promissory note,'' the defendants in error introduced testimony tending to show that there was a contract made with Woolsey, the agent of the plaintiffs in error, by which the goods returned were to be credited upon the promissory note.    The only foundation for this proposition would be that Mr. Woolsey had no authority to make said contract.    Upon the proposition as to whether or not the defendants in error made this contract with Woolsey, there is a preponderance of evidence to show that they did    The evidence also shows that these defendants did return goods to these plaintiffs in error and that these plaintiffs in error received them, and there is no evidence of any other contract being made at any time except the evidence of this contract made at the time these defendants in error indorsed the said note.    We think it was proper for the court below to take into consideration the ordinary and usual custom of men engaged in the mercantile business, and of wholesale

houses as to permitting their customer to ship goods back to them without having first made some arrangement or some agreement to do so, and to consider that it is altogether unlikely that these defendants would have sent goods back to the plaintiffs or that the plaintiffs would have received the goods from the defendants or said association without some agreement having been made beforehand; and the court was justified in finding from the evidence that Woolsey made such a contract. There was some evidence tending to show that Woolsey was sent by these plaintiffs in error to make a settlement of the account. He made a settlement, took a note, turned it over to the bank for collection in favor of these plaintiffs, and these plaintiffs ratified his action in taking the said note and handing it over to said bank. There was never any settlement made excepting the settlement that was made by Woolsey for the plaintiffs with these defendants. If the plaintiffs accepted the contract of their agent, they must accept it as a whole, and not accept that which suits them and reject the balance. There was some evidence to support the claim that Woolsey was the agent of these plaintiffs to make the said settlement, was sent there for that purpose, and, if he made such settlement in pursuance of such authority, then these plaintiffs are bound by the conditions which were attached to such settlement. At least, they cannot accept these indorsements by these defendants and reject the conditions under which they made the indorsements. This principle has been fully laid down in *Babcock v. DeFord*, 14 Kas. 408.

As to the second proposition contended for by the plaintiffs in error, ''Those dealing with an agent of limited authority are bound at their peril to take notice of the limitations upon his authority,'' we are

of the opinion that whatever might have been done by Mr. Woolsey in excess of his authority in settling this claim, has been fully ratified by these plaintiffs; hence, the second proposition can have no bearing upon this case.

As to the third proposition, "There can be no ratification of an agent's unauthorized acts by the principal without full knowledge of such acts," there is no contention in this case but that these plaintiffs ratified every act of Mr. Woolsey except the one of agreeing to take goods and crediting their value upon this note. These plaintiffs accepted the note, ratified his act in leaving it at the Emporia National Bank for collection, which makes the Emporia National Bank their agent to collect said note. As their agent, they employed C. N. Sterry to bring suit on the note. Said Sterry notified them that he had brought suit at the request of the bank. The judgment rendered in that case was for the sum of $1,583, which said judgment was rendered on the 20th day of November, 1884; and said judgment was fully paid by payments ranging in time from May 5, 1885, to July 3, 1888. This suit was commenced on October 21, 1889. These plaintiffs were notified by C. N. Sterry, their attorney, on October 3, 1884, that he had brought suit on the note sued on in this case; and these plaintiffs should have known the amount of the judgment rendered in said case; and by accepting the payment of said judgment and availing themselves of the benefit thereof, and not repudiating the action of their attorney in taking judgment for that amount for about five years, they would seem to be estopped from now claiming that they did not know that the judgment was only for $1,583; and it would seem that they must have known that the balance of the note had been paid by the return of the goods.

As to the fourth proposition, "There was no understanding or agreement that the goods returned were to be credited on the note," there is a conflict between the testimony of Mr. Woolsey and the witness for the defense, and a preponderance of the evidence seems to be in favor of the defendants. The court below found in favor of the defendants upon this proposition — that there was an agreement that the goods returned should be credited upon the note — and it is not the province of this court to disturb that finding.

As to the fifth proposition, "No suit was ever brought to recover the amount claimed in this action," admitting this proposition to be true, if the amount was paid by the return of the goods, it was not proper to bring an action to recover it again. A suit had been brought upon the note sued upon in this case, and judgment rendered as demanded for a portion thereof. When an owner of a note brings a suit for a portion thereof, and recovers upon such portion, such suit is a bar to a recovery upon the remaining portion of said note. A promissory note constitutes a single cause of action. (See *Coal Co. v. Brick Co.*, 52 Kas. 747.)

The judgment of the district court will be affirmed.

All the Judges concurring.