(73 App. Div. 547.)

### KING v. KING.

(Supreme Court, Appellate Division, Second Department.   June 13, 1902.)

NOTES—TRANSFER—ACTION—DIVISION OF CAUSE.

 Where the payee of a note, by written assignments, transferred one-fifth part of the note and moneys due thereunder to each of five persons, but retained the note unindorsed, one of such assignees cannot maintain an action against the maker of the note to recover one-fifth of the sum due thereunder.[1]

Appeal from trial term, Kings county.

Action by Beatrice Presswood King against Arthur R. King. From a judgment for defendant, and from an order denying a new trial (74 N. Y. Supp. 751), plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frank Harvey Field, for appellant.

Daniel E. Delavan, for respondent.

GOODRICH, P. J.   On a former appeal from an order granting a motion to amend a warrant of attachment (59 App. Div. 128, 68 N. Y. Supp. 1089), we held, on authority, that an assignment of a portion of a debt is valid.   "Whether the plaintiff," said Mr. Justice Hirschberg, writing for the court, "can successfully enforce her rights in the action without bringing in the other beneficiaries is not now considered or determined."   The present appeal brings up this question.

Mr. Morse, one of the executors of the will of Robert King, deceased, accepted from the defendant his note for $9,000, dated May 1, 1878, payable to "Morse, executor, or order," for the purchase price of the interest of the decedent in the business of the firm of Robert King & Son.   In November, 1900, Morse, by written assignment to the plaintiff, transferred one-fifth part or portion of the said promissory note and all moneys due thereunder.   Some payments have been indorsed upon the note, and the plaintiff brings this action to recover one-fifth of the balance remaining unpaid.   The defendant set up the statute of limitations, and pleaded that Mr. Morse and his coexecutor were the real parties in interest, no settlement of the estate having been made.   The note was produced at the trial, but there was no indorsement by Morse, who testified that the note had not been delivered to the plaintiff, but had always remained in his possession; that he had assigned one-fifth part of it to each of the five beneficiaries of the estate.   There is no other property of the estate, and there are no debts.

At the trial the defendant moved to dismiss on the grounds "that the plaintiff had failed to make out a cause of action; that the plaintiff was not entitled to maintain this action; that the plaintiff was not the real party in interest; that George F. Morse was the real party in interest; and that under the negotiable instrument law a part of this instrument cannot be transferred; there must be an indorse-

---

[1] See Bills and Notes, vol. 7, Cent. Dig. §§ 517, 1423.

ment of the entire instrument completed by a delivery, in order to effect a negotiation, and to entitle the plaintiff to maintain the action." Each party also moved for the direction of a verdict, and the court subsequently directed a verdict for the defendant.

The decision of the learned justice rests upon the ground that the obligation of the defendant is single, and cannot be divided into parts; that only one action can be maintained for the debt in its entirety. This is sustained by clear authority, so far as an action at law is concerned. Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707; Secor v. Sturgis, 16 N. Y. 548. The judgment and order must be affirmed.

Judgment and order affirmed, with costs. All concur.