No. 22,173.

GLADYS PRICE STEELE, *Appellee*, v. JAMES HENRY STEVENSON
et al., *Appellants*.

SYLLABUS BY THE COURT.

PARTITION—*Title and Ownership of Land—Issues Raised by Answer Res Judicata.* In an action brought by an heir of a deceased ancestor against other heirs and claimants the plaintiff alleged that she was entitled to, and asked for, an undivided one-third of the lands owned by the ancestor at his death in pursuance of a contract made between them. The property in which a share was asked was described in the petition, and her prayer was that she be decreed to be entitled to one-third of the land, and for general relief. The defendants denied the existence of the contract claimed by the plaintiff, and alleged that they were owners of the land by virtue of a will. The court adjudged that under the contract the plaintiff was and had been the owner of an undivided one-third of all the real property owned by the ancestor at his death, and that the title thereto be quieted in her, and that all the defendants and claimants be barred from any right, title and possession in and to the interest decreed to belong to plaintiff. In a subsequent action brought by the plaintiff in the first action against the same defendants asking to have the share awarded her partitioned, and that she be given possession of her share, the defendants set up a claim of title and interest in the land that had been adjudged to belong to plaintiff arising from certain gifts, contracts and transfers, and other transactions between the defendants and the ancestor prior to the commencement of the first action. The pleadings, findings and judgment in the former action were set forth in the pleadings filed in the latter action, and the court, on a motion for a judgment upon the pleadings, ruled that the issues as to title and interest of the parties in the lands were involved and are deemed to have been adjudicated in the former action. *Held*, that the judgment rendered under the issues formed in the first action precludes the reopening of the question of title and ownership of the land as between the same parties, and bars the defense presented by the defendants in the present action.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed March 8, 1919. Affirmed.

*C. M. Williams, Frank L. Martin, John M. Martin,* and *Walter F. Jones,* all of Hutchinson, for the appellants.

*A. C. Malloy,* and *F. Dumont Smith,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:    This was an action for the partition of real estate previously decreed to be the property of the plaintiff, which the defendants claimed belonged to them, and also claimed that their rights in the real estate were not concluded by the former litigation.  The court sustained plaintiff's motion for judgment on the pleadings, and from the judgment rendered the defendants appeal.

John R. Price, from whom the contesting parties claim the property, had three children, a son, Rhys R. Price, the father of the plaintiff, and two daughters, Cordelia Price Stevenson and Jane Price Stevenson.  Rhys R. Price died in 1894, leaving the plaintiff as his only heir.  John R. Price died on February 24, 1913, and his last will, which was probated, gave none of his property to the plaintiff, who would have been entitled to one-third of his estate if he had died intestate.  In a former action brought by plaintiff to recover one-third of the estate, she set forth a contract made between her and John R. Price, under which she was to receive at his death one-third of his real estate.  The other heirs of the deceased and all claimants, including the trustee of the estate and the executor of his last will, were made defendants.  The property involved herein was specifically described in the petition, and the prayer was that the court decree plaintiff to be entitled to an undivided one-third of the estate; that the executor should convey to her one-third of the lands belonging to the estate; and that if he failed to do so in a time stated, the decree should stand as and for a deed and conveyance of that interest.  The defendants denied the existence of the contract under which the plaintiff claimed; alleged that a will was made under which the defendants, Cordelia Price Stevenson, and Jane Price Stevenson, as well as Margaret Jean Stevenson and Mary Elizabeth Stevenson, the minor children of James Henry Stevenson and Cordelia Price Stevenson, became the owners of the land claimed by plaintiff.  The court found that the contract pleaded by plaintiff had been made, that it was a binding contract made upon sufficient consideration, and that the plaintiff was entitled to recover an undivided one-third of the real estate owned by John R. Price at his death, except certain tracts not now in question.

It was decreed:

"That plaintiff is the owner and has been such owner from the date of the death of John R. Price, of an undivided one-third of all the real property of which John R. Price, late of Reno county, Kansas, 'died seized, consisting of real estate, described as follows."

The description of the property covered that which was involved in the present action. It was further decreed that the plaintiff's title to the undivided one-third of the estate of which she was found to be the owner be quieted in her, and it was adjudged that all the defendants and claimants were barred from any right, title or interest and possession in and to the interest decreed to be hers. The judgment decreeing plaintiff to be the owner and quieting title in her was reviewed in this court, and the judgment affirmed. (*Stahl v. Stevenson,* 102 Kan. 447, Id. 102 Kan. 844, 171 Pac. 1164.)

In the present action the plaintiff, whose name was formerly Gladys Price Stahl, made all the defendants in the former action defendants, and set forth the judgment rendered in the former action, alleging that defendants were in possession of the real estate claiming ownership of it under the aforementioned will of John R. Price, which purported to give a life estate in one-third of his property to his daughter, Jane Price Stevenson, and a life estate in two-thirds of it to Cordelia Price Stevenson, and the fee thereof to his grandchildren, Margaret Jean Stevenson and Mary Elizabeth Stevenson, the minor children of Cordelia and her husband, James Henry Stevenson, the latter being named as trustee of the estate and executor of the will. Plaintiff asked that the land already decreed to be hers should be partitioned, and that she be awarded possession of her share. In their answer the daughters of the deceased alleged that they were in possession of the real estate and were the owners of the life estate in the proportions mentioned. As an additional defense they alleged that several tracts of land had been conveyed to them in payment of money inherited from their mother; that other tracts were purchased for and given to them by their father; that afterwards they conveyed these lands back to their father, he verbally agreeing that the instruments should not be recorded, the intention being that all should live on, and enjoy the rents and profits thereon, as long as he lived, and that he would in some manner, either by

destroying the deed or making a will, protect the defendants in their ownership of the lands, and that their father lived with them on the property and was cared for by them under this agreement. It was alleged, also, that afterwards, under another agreement, the deed was placed on record on the consideration that a will be executed by him giving a life estate in the property to them, and the fee to his grandchildren; that this will was revoked and another one was made slightly changing it from the first, but that it disposed of the real estate substantially as in the first, giving the life estate to his daughters and the fee simple to his grandchildren. It was alleged further, that later he attempted to make a codicil giving two tracts of his land outright to the daughters, one to each of them, but that this instrument was not properly executed within the requirements of the statute, and that afterwards an action was brought by the daughters of the deceased in which the agreement embodied in the unprobated codicil was carried into effect, and those tracts were no longer a part of the Price estate. The minors answered, alleging a general denial and a claim of title in the property, and they adopted the allegations of the answer of the other defendants. In the reply of the plaintiff it was alleged that in the action brought by the daughters of the deceased against the minor children and the executor of the will the daughters made no claim that they were the owners of the real estate in their own right, except the 320 acres which they claimed, and was decreed to be theirs under the verbal promise, and they further allege that Price was the owner of all the real estate at the time of his death and since that time the fee title to the same was in the minor children, derived from their grandfather under the will. It was also alleged that in the evidence given in that case no claim was made by the daughters to any title in the land except to the 320 acres mentioned, and the judgment then rendered in favor of the daughters for those tracts was asked and given on the averment and theory that John R. Price was the owner of the real estate involved in this action at the time of his death. The reply also contained all the pleadings, findings and judgment of the court in the former action, in which the palintiff was decreed to be the owner of the one-third interest of the real estate and quieting title thereto in her. The decision of the trial court in the pres-

ent action, sustaining plaintiff's motion for judgment on the pleadings, must be upheld.

The issue in the former action was the ownership and right of possession of the undivided one-third of the lands owned by John R. Price at the time of his death, plaintiff claiming that under a contract a trust was impressed on specific property which passed to her at his death, and that defendants wrongfully withheld title and possession from her. The defendants denied her claims to ownership and possession, and presented adverse claims under a will of the deceased. Whether or not Price was the owner of these lands until he died and whether plaintiff was entitled to an undivided one-third of such lands was directly drawn in question, and the findings and judgment clearly show that these questions were tried and determined. The parties were the same in that case as in this, and upon the issues framed it was the duty of the parties to present all their claims to ownership in the property and to set forth every ground of recovery or of defense that could be presented and determined in that case. Whatever rights the defendants had in the real estate by virtue of agreements with the deceased, and by reason of alleged transfers between them, existed before the first action was begun and could have been presented and determined in that action. A different rule would apply if the interest claimed had been acquired after the first judgment, but an interest in specific property acquired but not presented prior to the first judgment is deemed to have been adjudicated in that action. In *Austin v. Ballard,* 84 Kan. 619, 114 Pac. 1084, where the ownership of land was involved and where a party was asserting a claim of title which had not been presented in a prior action, it was said:

"It is true that the plaintiff was not estopped by the judgment in his first action from asserting an independent title acquired afterward (*Comm'rs of Marion Co. v. Welch,* 40 Kan. 767), but it prevented him from thereafter asserting a claim of title which he held while the action was pending and prior to the judgment. . . . A multiplicity of suits should be avoided if possible, and a party must present whatever evidence he may have to support his claim, on peril of losing it; and in an action to recover real property he should file supplemental pleadings, if necessary, to avail himself of such evidence." (p. 624.)

It is not material whether the defense set up by defendants in the present action is designated as a counterclaim or as some

other defense. It was one that could have been presented in the former action, and if established might have defeated the plaintiff. In *Comm'rs of Marion Co. v. Welch,* 40 Kan. 767, 20 Pac. 483, it was decided:

"In an action to quiet title to land, a general finding of title in the plaintiff, and consequently of no title in the defendants, is a conclusive and binding decision against the defendants on the question of title, from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the finding and judgment." (syl. ¶ 2.)

In another action a party named Woodman sought the recovery of real estate which had been sold and disposed of in an action brought by creditors in which it was alleged that Woodman claimed an interest which was alleged to be inferior to the equitable lien of creditors. In the former equitable action the indebtedness was established but no personal judgment was rendered against Woodman, and under the judgment the sale of the property was made, which was confirmed. Woodman claimed a reversionary interest in the property, one that did not appear to have been presented or considered in the first action. It was said that a judgment is ordinarily not a bar in a different cause of action except as to such questions as were actually decided.

"But this does not mean that a judgment can never be a bar in another form of action except as to matters which have actually engaged the attention of the court. Otherwise little or no benefit could result from any default or decree—for instance, one quieting title. The relief granted by a judgment can not be annulled by showing in a subsequent proceeding of a different character that it might have been defeated by interposing a defense which was not in fact offered. The decree of the court barring Woodman from all interest in the property sold by the receiver necessarily involved the decision that he had no title thereto, as against the purchaser. That question therefore was one of those 'actually decided' and became *res judicata* between the parties, regardless of the form of the litigation in which the attempt might be made to raise it." (*Woodman v. Davison,* 85 Kan. 713, 718, 118 Pac. 1066.)

The doctrine of *res judicata* applies not only to the questions brought forward by the defendants in their testimony, but also as to every question open to consideration as a part of the subject of litigation and which could have been presented at that time. (*C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Manley v. Park,* 62 Kan. 553, 64 Pac. 43;

*McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546; *Hubbard v. Power Co.*, 89 Kan. 446, 131 Pac. 1182.)

The scope of the judgment included the quieting of the title of plaintiff as against the defendants, and, as said in *Comm'rs of Marion Co. v. Welch*, supra, that is a binding judgment on the defendants, "and forever estops them from asserting a claim of title which existed at the time of the finding and judgment." (syl. ¶ 2.)

In the prayer of her petition in the former case, plaintiff did not specifically ask for the quieting of her title, but she did pray for general relief under which the court was warranted not only in adjudging that she was the owner of the undivided one-third interest of the lands, specifically described in her petition, but also in quieting the title thereto in her, and in barring the defendants and each of them from all right, title or interest in the property decreed to belong to her. This was the judgment rendered in that case, and it effectively bars the defenses made by the defendants in this case, and precludes the reopening of the question of the ownership of the land as between the same parties, or the assertion of any claim of title to the land which could have been offered by them in that action. (*Comm'rs of Marion Co. v. Welch*, supra; *Wheeler v. Ballard*, 91 Kan. 354, 137 Pac. 789.)

The judgment is affirmed.