No. 27,794.

THE FIRST NATIONAL BANK OF HOXIE, *Appellee,* v. W. H. SCHRUBEN
and M. E. SCHRUBEN, *Appellants* (W. E. HILLSTEAD, *Appellee*).

(265 Pac. 53.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Matters Which Should Have Been Litigated.*
   Rule followed that when a cause of action has been prosecuted to final judg-
   ment all matters pertaining thereto, and which were or properly should
   have been litigated under the facts constituting such cause of action, are
   conclusively determined by that judgment and binding upon all parties to
   the litigation and those in privity with them.

2. ACTIONS—*Splitting Causes of Action—Promissory Note.* Rule followed that
   a promissory note constitutes a single cause of action, and where an owner
   thereof sues and recovers upon a portion thereof such suit is a bar to a re-
   covery upon the remaining portion of that note.

3. SAME—*Splitting Causes of Action.* The rule against splitting of a single
   cause of action applied in the circumstances stated in the opinion.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge. Opinion
filed March 10, 1928. Reversed.

*W. L. Sayers, J. Q. Sayers,* both of Hill City, and *F. A. Sloan,* of Hoxie, for
the appellants.

*W. H. Clark* and *C. L. Thompson,* both of Hoxie, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents the question whether a promis-
sory note on which a judgment was recovered for part of its face
value may be assigned to another holder and a further recovery
be obtained thereon in behalf of such later assignee, under circum-
stances which may be briefly stated as follows:

Some time prior to April 27, 1921, W. H. Schruben, a Sheridan
county farmer, purchased 70 acres of land in Florida near Lake
Okechobee at $200 per acre. He paid half the purchase price and
gave his note for $7,000 secured by a second mortgage on 480 acres
of Sheridan county land to secure its payment. The payee of the
note, one Thomas Lynn, transferred it to W. E. Hillstead, who put
up the note and mortgage with the First National Bank of Hoxie
as security for a loan in his own behalf. Originally Hillstead's ob-
ligation to the bank was $3,800, but it had been reduced to $800.

Actions, 1 C.J. pp. 1106 n. 48, 1115 n. 68; 1 R.C.L. 341. Judgments,
34 C.J. pp. 829 n. 41, 909 n. 31, 990 n. 45, 1009 n. 4; 13 A.L.R. 1151; 15
R.C.L. 963.

27—125 KAN.

On February 2, 1923, the First National Bank of Hoxie brought suit against Schruben and wife, alleging its ownership of the $7,000 note and mortgage, and the default of the makers in the payment of interest and taxes in breach of the terms of the mortgage, whereby the entire sum became due, and plaintiff prayed judgment for principal and interest on the note, aggregating $8,151, and for foreclosure of the second mortgage and sale of the premises, subject to the lien of the first mortgagee, one George A. Launchbaugh.

On March 28, 1923, plaintiff filed an amended petition to the same general effect as its first petition so far as we are presently concerned.

On application of Schruben and wife, W. E. Hillstead was made a party to the action by order of court, and on August 23, 1923, Schruben and wife filed their answer admitting execution of note and mortgage, denying that the said First National Bank was the owner of the note or was the real party in interest, and alleging that the note sued on was the property of Hillstead. The answer further alleged that the note was procured by fraud perpetrated by Hillstead and the original payee in said note, and that the plaintiff bank at all times had knowledge of said facts. The answer also set up a cause of action for $14,000 damages against W. E. Hillstead, and prayed a recovery therefor against Hillstead, and that the note be canceled.

"2. Defendants further allege that this action was not prosecuted in the name of the real party in interest, for that the note and mortgage sued on are the property of the defendant, W. E. Hillstead.

"3. Defendants further state that the note and mortgage sued on were procured from the defendants Schruben and Schruben by the false and fraudulent representations of the payee therein named, and his agents, as will more fully appear hereinafter in the cross petition herein; and said defendants allege that the said plaintiff at all times had notice and knowledge of the facts constituting a defect of title in said note and mortgage as hereinafter alleged."

On September 28, 1923, Hillstead filed a verified answer as follows:

"Comes now defendant W. E. Hillstead, and for his answer to the cross petition of defendants Wm. H. Schruben and M. E. Schruben, filed August 28, 1923, denies generally and specifically each and every material allegation therein, except as herein expressly admitted.

"Defendant Hillstead admits that Wm. H. Schruben entered into a contract in writing for the purchase of lands in Florida."

The bank joined issue on Schruben's answer by a verified reply filed September 20, 1923, which read thus:

First Nat'l Bank v. Schruben.

"Comes now the plaintiff and for its reply to the *second* and *third* paragraphs of the answer and cross petition of defendants Wm. H. Schruben and M. E. Schruben, filed August 28, 1923, deny generally and specifically each and every material allegation in said pleading."

At the March term, 1924, the cause was tried before a jury on these issues. The following instructions were given:

"4. The plaintiff in this action has admitted that it does not own all of the note sued on in this case, but only has certain interests therein. The plaintiff, under the evidence introduced in this case, cannot recover any verdict in excess of the amount of its interests in the note at this time, if it has any such interest. . .

"14. You have heretofore been told in these instructions that the plaintiff could only recover whatever interest it might have at this time in the note and mortgage sued on. That statement is only intended to be applicable in case the defendants Schruben have proven fraud and misrepresentations, as claimed by them, and as referred to in these instructions. In case such fraud and misrepresentations have not been so proven, then, under the evidence given in the trial of this case, the plaintiff would be entitled to recover the full amount due on said note."

The jury rendered a verdict as follows:

"We the jury empaneled and sworn in the above entitled . . . do find upon our oaths for the plaintiff, the First National Bank of Hoxie, Kan., and against the defendants Wm. H. Schruben and M. E. Schruben, and fix plaintiff's recovery at the sum of $995."

The jury failed to agree on the issues joined between Schruben and Hillstead. The record recites:

"That on said March 8, 1924, the court having interrogated the jury, and being informed as required by law in the premises, finds that no probability exists that the said jury will be able to reach a verdict upon the matters and issues submitted to said jury upon the cross petition of the defendants Wm. H. Schruben and M. E. Schruben and as against the defendant W. E. Hillstead, and said jury was thereupon discharged without a verdict having been reached, as to said last mentioned issues."

Judgment for $995 was accordingly entered in favor of the bank on March 8, 1924; the second mortgage was foreclosed and the property ordered sold (subject to the first mortgage) to satisfy the judgment; which was accordingly done, and the judgment and costs were satisfied.

During the pendency of the foregoing action, Launchbaugh, holder of the first mortgage on Schruben's lands, brought suit to foreclose, and all the parties to the bank's action were impleaded. No contest arose against the first mortgagee, and judgment was entered

in his favor; but on February 5, 1924, Hillstead filed an answer in the case of *Launchbaugh v. Schruben et al.,* in which he alleged that he had sold, indorsed and delivered the $7,000 note and second mortgage to the Hoxie bank before maturity, and "that the First National Bank of Hoxie, Kan., has at all times, and now is the owner and holder thereof."

Following other allegations Hillstead's answer concluded thus:

"Wherefore, this answering defendant prays that the said mortgage of the First National Bank of Hoxie, Kan., be adjudged to be a valid lien on and upon the real estate described in said mortgage, being the same real estate described in plaintiff's mortgage, and that the said mortgage premises be ordered sold in the manner provided by law, and that the proceeds arising from the said sale of premises be applied: First, to the payment of taxes against the said premises; second, to the payment of costs; third, to the payment of the sums of money due on the mortgages sued upon herein; and that the balance of the money arising from the sale of the said premises, if any there be, be paid over to the codefendants, William H. Schruben and Mary H. Schruben."

On May 29, 1924, Hillstead filed an amended answer and cross petition in the case of *Launchbaugh v. Schruben et al.,* in which he repeated most of the matters alleged in his answer of February 5, and including the ownership of the $7,000 note by the Hoxie bank, and narrating the outcome of the litigation between the bank and the Schrubens and Hillstead, and—

"That a judgment was rendered on March 8, 1924, declaring the First National Bank to be the owner of an interest in the above-described mortgage and note, to the extent of $995; . . . and that said bank caused said land to be sold to satisfy the said judgment in the manner required by law, *and after the sale of the said land, that said bank turned over to and delivered to the defendant, W. E. Hillstead, the above-described real estate mortgage, together with said note;* . . . that there is at this time due and unpaid on said mortgage and note the sum of $7,203.75, together with interest at six per cent from March 8, 1924, . . . and that said mortgage should be foreclosed; and that said mortgage is a valid and subsisting lien against said premises."

Hillstead also alleged that after the sale of the Schruben land to satisfy the Hoxie bank's second mortgage—

"The said bank surrendered and delivered to the defendant, W. E. Hillstead, said real estate mortgage and note; and that since the said delivery W. E. Hillstead has been at all times and is now the owner and holder of the legal and equitable interest in and to said mortgage and note."

Hillstead concluded with a prayer for judgment in his own be-

half on the unsatisfied balance of the $7,000 note, with interest since the date of the decree foreclosing the second mortgage, totaling $7,203.75, for which sum and for *another* foreclosure of the second mortgage he prayed judgment.

On July 14, 1924, the Schrubens filed an amended and supplemental answer to the foregoing pleadings of Hillstead, setting up the preceding litigation, the verdict and judgment in favor of the Hoxie bank, the foreclosure of the second mortgage, the sale of the land to satisfy the bank's judgment, and—

"That the said verdict and judgment was based upon the only cause of action set out in the petition of the plaintiff herein, that the same remains a binding decree, and is and was a complete adjudication of the matters and things involved in the petition of the plaintiff. And that the mortgage involved herein was foreclosed, the land described therein sold and judgment and costs fully paid."

The Schrubens answered further concerning alleged fraud on the part of Hillstead and others, whereby they were induced to invest in worthless swamp lands in Florida out of which transaction the $7,000 note had its inception, but for the present we need not concern ourselves with that phase of the litigation, nor need we particularly note at this time the Schrubens' cross action against Hillstead for damages.

On October 8, 1924, counsel for defendants filed a written motion that the issues of law presented by their answer be determined in advance of the trial, and the trial court ruled that Hillstead could maintain the action to recover on the balance of the note notwithstanding the prior judgment thereon obtained by the Hoxie bank.

The trial proceeded, evidence was heard at length, a verdict and special findings were rendered in favor of Hillstead, and judgment was accorded to him for the balance of the note, together with interest thereon, but the theory that the Schruben lands could again be subjected to foreclosure to satisfy such judgment was abandoned.

The Schrubens appeal, assigning various errors, the chief of which relates to the ruling of the trial court that Hillstead could recover on the note as assignee of the Hoxie bank after the note had been put in issue and a partial recovery had thereon in the action between the bank, the Schrubens, and Hillstead.

The pertinent law on this subject is simple and well fortified by decided cases. Once a cause of action has been prosecuted to final judgment, all matters pertaining thereto and which were or properly

should have been litigated under the facts constituting such cause of action are conclusively determined by that judgment and binding upon all parties to the litigation and their privies. (*Snehoba v. National Bank,* 115 Kan. 836, 224 Pac. 914; *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 117, 242 Pac. 656; *Rucker v. Rafter,* 122 Kan. 91, 251 Pac. 420.)

In *Steele v. Stevenson,* 104 Kan. 469, 474, 179 Pac. 304, it was said:

"The doctrine of *res judicata* applies not only to the questions brought forward by the defendants in their testimony, but also as to every question open to consideration as a part of the subject of litigation and which could have been presented at that time. (*C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Manley v. Park,* 62 Kan. 553, 64 Pac. 43; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546; *Hubbard v. Power Co.,* 89 Kan. 446, 131 Pac. 1182.)"

Equally well settled is the rule that a single demand may not be split into fractional parts and assigned to different persons so as to give the several assignees separate causes of action on the portions respectively assigned to them. Thus in *Wells v. Hickox,* 1 Kan. App. 485, 40 Pac. 821, it was said:

"A promissory note constitutes a single cause of action; and where an owner thereof sues, and recovers upon a portion thereof, such suit is a bar to a recovery upon the remaining portion of said note." (Syl. ¶ 3.)

In *Insurance Co. v. Bullene,* 51 Kan. 764, 33 Pac. 467, it was said:

"A creditor having a single cause of action for a sum of money cannot by assignment split up such cause of action, and thereby subject the debtor to a number of suits based on such assignment." (Syl. ¶ 3.)

The principle underlying the rule was discussed in *Coal Co. v. Brick Co.,* 52 Kan. 747, 35 Pac. 810, thus:

"It is the policy of the law to avoid a multiplicity of actions, and a party is not permitted to split a cause of action into two or more parts and maintain separate actions for each of the separate parts. A recovery of one part of an action so split up will constitute a complete bar to a recovery upon any remaining portion thereof. The principle of indivisibility applies to running accounts like the one under consideration, and if the plaintiff could split this account into two causes of action, it might bring as many actions as there were items in the account. The doctrine of *res adjudicata* forbids a repetition of vexatious lawsuits, and a former trial and judgment upon one of the items is conclusive between the same parties as to all matters which were or might have been litigated in all other actions, whether commenced before or after the action in which the adjudication was made. (*Whitaker v. Hawley,* 30 Kan.

First Nat'l Bank v. Schruben.

317; *W. & W. Rld. Co. v. Beebe,* 39 id. 465; *Shepard v. Stockham,* 45 id. 244; *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 id. 766.)" (p. 749.)

In the early case of *Mandeville v. Welch,* 5 Wheat. 277, 5 L. Ed. 87, the United States supreme court said:

"The reason of this principle is plain. A creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not contemplated in his original contract. He has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments by which it may be broken into fragments. When he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons. So that if the plaintiff could show a partial assignment to the extent of the bills, it would not avail him in support of the present suit." (p. 286. See, also, *Tootle v. Wells,* 39 Kan. 452, 18 Pac. 502; *Price v. Bank,* 62 Kan. 735, 64 Pac. 637; *Naugle v. Naugle,* 89 Kan. 622, 632, 132 Pac. 164; *Willard v. Sperry,* 16 Johns. (N. Y.) 121; *King v. King,* 74 N. Y. Supp. 751; id. 73 App. Div. 547, 77 N. Y. Supp. 40; 1 C. J. 1106, 1115; 1 R. C. L. 342.)

Both of these rules of law were violated in the judgment under review. In the foreclosure action by the Hoxie bank against the Schrubens, with Hillstead impleaded, the bank alleged that it had acquired the $7,000 note in due course and was the owner thereof; the Schrubens denied the bank's ownership, and alleged that it was procured from them by the fraud of Lynn, Hillstead and others, and that the bank knew of its infirmities when it acquired it; Hillstead alleged that the bank was the owner of the note, and traversed all the material allegations in the Schrubens' answer. The trial court instructed the jury that if the note was procured by fraud of Hillstead and others and the bank knew of the fraud, it could not recover, and if the note was procured by fraud but without notice thereof by the bank at the time it acquired it, the bank could recover the sum it actually had in the note ($800 and interest); and the court also instructed the jury that if no fraud inhered in the making of the note, the bank could recover the entire sum due on the face of the note, together with interest ($7,000 and interest). The instructions of the court were not excepted to and therefore, whether precisely correct or not, they became the law of the case. Consequently the verdict of the jury for $995 ($800 and interest), was in effect a finding that the note was procured by fraud, but that the bank had no notice of its infirmities, and the final judgment thereon bound everybody involved in that litigation so far as the note was concerned.

Hillstead was bound by the judgment for two unassailable reasons. He was a party to the litigation, and joined issue with the Schrubens on the facts which gave rise to the cause of action, and expressly pleaded that the bank was the owner of the note and traversed the allegations of the Schrubens that he and not the bank was the owner of the note. On the other hand, the rule against splitting of a single cause of action was also a complete bar to the latter proceedings between the Schrubens and Hillstead over the latter's claim to recover on the balance of the note. The fact that the issues between the Schrubens and Hillstead on the cross claim for damages were not concluded in the Hoxie bank's foreclosure action did not inject any new virtue into the note which was condemned in effect by the jury's verdict—void for fraud but acquired by the Hoxie bank without notice. Moreover, the note was merged in the judgment. (15 R. C. L. 782.)

Of course the litigation over the Schrubens' cross action for damages was not concluded by the judgment in the foreclosure case, and it properly went on to a final judgment, but the only significance of that matter was that the Schrubens get no damages from Hillstead, and apparently no error is assigned on that result in the court below.

In view of what is said above, the other matters submitted by appellants for our review need no consideration.

The judgment of the district court in favor of Hillstead and against the Schrubens on the balance of the $7,000 note and interest is set aside, and the cause is remanded with instructions to enter judgment thereon in favor of appellants, W. H. and M. E. Schruben.