No. 35,056

SAMUEL R. ANSPAUGH, *Appellant*, v. NETTIE L. DOUGHERTY and E. L. DOUGHERTY, *Appellees*. THE STATE BANK OF MERIDEN, *Defendant*.

(109 P. 2d 101)

Opinion filed January 25, 1941.

*Jerry E. Driscoll* and *Harold W. McCombs*, both of Russell, for the appellant.
*Oscar Ostrum* and *Frances K. Seeley*, both of Russell, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by the payee of a note against the makers to recover the balance due thereon after a bank, to which the payee had pledged the endorsed note as collateral security for his indebtedness to the bank, had sued the makers and obtained judgment against them in the amount the payee then owed the bank.

After the pleadings were made up defendants made application to the court for the determination of questions of law prior to trial. No final judgment has been rendered in the case. In order to present a comprehensive view of what transpired prior to the making of the findings of fact and conclusions of law, it becomes necessary to first review briefly the pleadings in the instant action which also involve the pleadings and judgment rendered in the former action on the note by the bank.

The petition in the instant action in substance alleged: On March 28, 1936, the defendants, Nettie L. Dougherty and E. L. Dougherty,

for valuable consideration, executed and delivered to the plaintiff Samuel R. Anspaugh, their promissory note whereby they promised, ninety days after date, to pay to plaintiff the sum of $1,700 with interest at eight percent from maturity until paid. The note with all endorsements thereon is attached to the petition. (In one endorsement on the note the plaintiff, Samuel R. Anspaugh, acknowledged receipt of the sum of $921.77 as payment on the principal.) The note also contained the following endorsement, to wit:

"6-2, 1936. I hereby assign the within note to the State Bank of Meriden with recourse for collateral.  (Signed) SAMUEL R. ANSPAUGH."

On January 16, 1939, by judgment of the district court of Russell county, Kansas, in Case No. 5960, wherein the State Bank of Meriden was plaintiff and Nettie L. Dougherty and E. L. Dougherty, were defendants, the State Bank of Meriden recovered a judgment against those defendants in the sum of $490, with interest at eight percent per annum from January 10, 1939, in full satisfaction of any and all claims of that bank in and to the note; the bank has no further claim or interest in the note; defendants are entitled to credit upon the note in the sum of $490 as of the date of the judgment rendered in case No. 5960; copy of journal entry of judgment in case No. 5960 is attached and made a part thereof; plaintiff is now the owner and holder of the note and has been such owner and holder at all times except during the period from June 2, 1936, to January 10, 1938, during which period the defendant bank held the note as collateral security to secure the payment of the sum of $490 due the bank from this plaintiff; the note is past due and payable and no portion thereof has been paid except the payment of $921.77, which was paid by defendants July 1, 1936, and a credit of $490 on January 10th by reason of the judgment in case No. 5960; there is now due and owing from defendants the sum of $457.97, with interest at eight percent per annum from May 10, 1939.

Among the findings of the court in case No. 5960, were the following:

(a) "That the plaintiff is a holder in due course of the note sued upon herein, as to the amount which was due plaintiff from S. R. Anspaugh at the time of the trial of this action, namely $490, and that plaintiff is entitled to judgment against the defendants, Nettie L. Dougherty and E. L. Dougherty, her husband, for such amount, with interest thereon at the rate of 8% per annum from January 10, 1939.

(b) "That S. R. Anspaugh, the original payee in said note, is the owner and

holder of the balance remaining due and unpaid upon said note, after crediting thereon the plaintiff's judgment herein, in the amount of $490."

The bank filed a verified disclaimer. Defendants filed a general demurrer to plaintiff's petition, which was overruled.

Defendants did not stand upon the ruling on the demurrer but answered. The answer contained a general denial of all averments contained in the petition except such as were directly or indirectly admitted by the answer. In paragraph one they admitted the execution and delivery of the note to plaintiff. In paragraphs 2, 3, 4, 5 and 6 of the answer they sought affirmative relief against Anspaugh on three items on which they had sought relief in the former action brought by the bank. In the former action Anspaugh, the plaintiff in the instant case, testified but was not a party. The bank sought to have him made a party but defendants objected and their objection was sustained. The three items mentioned are referred to in the findings of fact made in the instant case and those matters need not be reiterated here.

Paragraph 7 of the answer was as follows:

7. "For further answer, these defendants allege that plaintiff endorsed and delivered said note sued upon in this action to the State Bank of Meriden in the year 1936; that in the year 1937 said State Bank of Meriden, with the knowledge, approval and consent of said plaintiff, filed action on said note against these defendants in the district court of Russell county, Kansas, in case No. 5960; that in its petition, said bank alleged that it was the absolute owner of said note in good faith, for value, by endorsement before maturity; that in the trial of said cause, plaintiff herein was a witness and participated therein, and was present at the same as a witness on behalf of said bank; that said suit proceeded to final judgment against these defendants in favor of said bank in the sum of $490, together with costs of said action taxed in the sum of $47.90; that said judgment has become final; that by reason of the premises, plaintiff is estopped to bring this action, and that action on the remainder, if any, unpaid upon said note is barred by the suit and judgment of the State Bank of Meriden thereon; that said note constitutes one indivisible cause of action, and that by assignment of said note to the State Bank of Meriden as aforesaid, plaintiff caused the cause of action on said note to be split and that after suit and judgment on said note by the State Bank of Meriden, further action on said note is wholly barred."

The journal entry of judgment in case No. 5960 was attached to the answer and made a part thereof.

The prayer asked that plaintiff take nothing and that defendants have judgment on the separate items of $121.63, of $973 and $870, together with interest from certain dates.

The answer was filed August 14, 1939, and was not verified. Plaintiff filed his demurrer to the answer on September 1, 1939, one of the grounds being that the answer was not verified. A verification was attached to the answer September 14, 1939. No order of court authorizing the verification is contained in the record. Plaintiff's demurrer was argued and overruled October 2, 1939. (The record does not disclose plaintiff objected to the verification of the answer being made out of time or without authorization.) Plaintiff also demurred on the ground the answer was insufficient to constitute a defense or to state a cause of action against the plaintiff, the court had no jurisdiction of the subject matter, several purported causes of action were improperly joined, and that each of the purported causes of action were barred prior to the time the note sued upon by plaintiff herein had come into existence. Plaintiff did not stand upon the order overruling his demurrer, but filed a reply. The reply raised the same defenses contained in the demurrer, except that it did not specifically call attention to the previous lack of verification. It denied generally all the averments contained in the answer insofar as they might be inconsistent with or contradictory to the allegations contained in the petition.

Defendants then made their application for determination of legal issues in advance of trial. The issues they sought to have determined were: (1) Whether the findings and judgment in case No. 5960, constituted a binding judgment and were *res judicata* of any issues involved in the instant case, and if so, what issues were held to be *res judicata;* (2) whether the judgment in the former case constituted a splitting of the cause of action on the note and barred the instant action.

When that application was submitted to the court all files and proceedings in case No. 5960 were offered and received in evidence. Appellant (plaintiff), advises us that when the submission was made paragraph one of the application was waived. The journal entry of judgment, which will be noted presently, would indicate that was true. After defendants made the application for a determination of issues but before the trial court made its findings of fact and conclusions of law, they filed a motion for judgment on the pleadings and for judgment upon the court's ruling upon questions of law. It does not appear the motion for judgment on the pleadings was pursued by defendants for a separate ruling or that a separate ruling was ever made upon that particular motion. No

final judgment has been rendered in the instant case. The court did conclude and adjudge that the bringing of the present action constituted a splitting of the cause of action on the note and that the instant action was barred by reason of the judgment rendered in case No. 5960.

The pertinent part of the journal entry, including findings of fact and conclusions of law, was as follows:

"Thereupon, the parties appearing as aforesaid, said motion is submitted to the court upon the question of whether or not the judgment heretofore rendered in case No. 5960 in this court, constituted a splitting of causes of action, which would bar the plaintiff from maintaining the present action, which said motion was duly argued to the court, and after argument of counsel, the court takes said matter under advisement. · . . .

### FINDINGS OF FACT

1. "That on the 28th day of March, 1936, for a valuable consideration, the defendants, Nettie L. Dougherty and E. L. Dougherty, made, executed and delivered to Samuel R. Anspaugh, the plaintiff herein, their certain promissory note, whereby, for value received, they promised to pay to the order of plaintiff, ninety days after date, the sum of $1,700 with interest thereon at the rate of 8% per annum from maturity until paid.

2. "That on June 2, 1936, Samuel R. Anspaugh assigned said note to the State Bank of Meriden of Meriden, Kansas, as collateral security for an indebtedness then due and owing from Samuel Anspaugh to that bank.

3. "In February, 1937, the State Bank of Meriden brought an action on said note in this court against the makers of said note, being case No. 5960. In said action, the bank alleged that before the maturity of said note, and for a valuable consideration, Samuel R. Anspaugh endorsed and delivered the note to the bank, and that said bank by reason thereof, was the owner and holder of said note and an innocent purchaser thereof. Samuel R. Anspaugh, the original payee and endorser of the note, was not made a party to that suit. Defendants, Dougherty, filed their answer in that case, No. 5960, in which they set up the same defenses by way of set off and counterclaim as are now made here. In the trial of case No. 5960, it was found that the note in question had been assigned to the bank, before maturity and in good faith, as collateral security; and that said bank was an innocent holder for value, in due course, to the extent of its lien which was found to be $490.

4. "That in the trial of case No. 5960, which was held on January 10, 1939, Samuel R. Anspaugh appeared and testified in behalf of the plaintiff bank. At the conclusion of that trial, the court found that the two $880 notes claimed by the defendants as a set off, were barred by the statute of limitations prior to the time the Anspaugh note came into existence; but the court found that Anspaugh was indebted to Nettie L. Dougherty in the amount of $121.63 by reason of a breach of warranty in a deed given by Samuel R. Anspaugh to Nettie L. Dougherty. The court further found that at the time of the trial of case No. 5960, Anspaugh was still indebted to the plaintiff bank in the sum

of $490 and that no part of the note sued on had been paid except the sum of $921.77 which had been paid on July 1, 1936.

5. "That after the court had announced its findings of fact in case No. 5960, and before judgment was rendered therein, the defendants, Dougherty, orally claimed for the first time, that the plaintiff, the State Bank of Meriden, could not recover more than the amount which was then due the bank from Samuel R. Anspaugh, or, in other words, more than the amount of its lien on the Dougherty note.

6. "That after the introduction of evidence and the argument of counsel in case No. 5960, and after said cause had been submitted to the court for its determination, and after the court had indicated informally what its findings would be, the plaintiff, the State Bank of Meriden, made an oral application to bring in Samuel R. Anspaugh as a defendant in that action and to procure and file his answer forthwith. To this application, the defendants objected which objection was sustained by the court, and the motion to make Anspaugh a party defendant was overruled.

7. "On February 28, 1939, the court made findings of fact and conclusions of law in case No. 5960, in which it held, under the authority of *State Bank v. Blevins,* 46 Kan. 536, that since the Doughertys had a partial defense to the note sued on, that the plaintiff as pledgee could recover no more than the amount due it from the pledgor. Judgment was acordingly rendered in favor of the bank for the sum of $490.

8. "The court further finds that the present action is brought by the plaintiff, Samuel R. Anspaugh, against the defendants, Nettie L. Dougherty and E. L. Dougherty, to recover the balance of the $1,700 note which was the basis of the action in case No. 5960; that in this action, the State Bank of Meriden is a party defendant and has filed its voluntary appearance and disclaimer.

9. "On June 9, 1939, the defendants, Dougherty, demurred to the plaintiff's petition on the ground that it fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against defendants, which demurrer was overruled on June 29, 1939.

10. "That thereafter, and on the 14th day of August, 1939, the defendants, Nettie L. Dougherty and E. L. Dougherty, filed their answer herein in which they admit the execution and delivery of the note sued on, and setting up by way of set off or counter claim, the same two notes of $880 each, and the same claim for breach of covenant of warranty as were set up as a defense in case No. 5960, and claiming as a further defense that the bringing of case No. 5960 by the State Bank of Meriden constituted a splitting of a cause of action, and by reason thereof the plaintiff in the present action is estopped and barred from maintaining the present suit.

### Conclusions of Law

1. "The present action is brought upon the identical note which was the basis of the suit in case No. 5960, brought by the State Bank of Meriden against the defendants, Dougherty. Said note was merged in the judgment rendered in said action, No. 5960.

2. "The present action constitutes a splitting of the cause of action inherent in the Dougherty note.

3. "The defense of splitting of causes of action is raised by the answer of the defendants Dougherty in this suit. Such defense could not have been made, and would have been of no avail, in the first action brought on the note.

4. "The present action is barred under the rule forbidding the splitting of causes of action."

Appellant (plaintiff) has appealed from the order overruling his demurrer to defendants' answer and cross-claims and from the decision that the instant action constituted a splitting of the cause of action on the note.

Touching the ruling on plaintiff's demurrer defendants counter with the contention that plaintiff's demurrer to the answer was properly overruled and that plaintiff's demurrer required a searching of the record with the result that defendants' demurrer to the petition should have been sustained. In view of the record we do not deem it necessary to dwell upon either of the contentions touching the respective demurrers. Nor need we be concerned with defendants' motion for judgment on the pleadings. The important issue was and is whether the instant action constituted a splitting of the cause of action on the note. That was the real issue the parties desired to have determined prior to trial. That, according to the journal entry of judgment, was the sole issue submitted to the trial court. That issue was submitted after both demurrers had been overruled and that was the only legal question the court decided. We must assume all parties, before submitting that question, had concluded an issue was joined upon that point by the pleadings, otherwise it would have been a futile gesture to submit that issue for determination before trial.

It should be remembered no final judgment has yet been rendered on the note nor on defendants' cross-claims or either of them. The court made some findings touching the three cross-claims but no judgment has been rendered in the instant case concerning any of them. All this was, of course, in keeping with the sole legal issue submitted for determination prior to trial.

The real controversy is whether defendants' are in a position to complain concerning the splitting of the cause of action on the note. In the statement of facts we quoted certain findings in the former action which clearly disclosed that the trial court, in that action, found the bank to be the holder in due course of the note sued upon only to the extent of $490, the amount of its lien on the instant note and that Anspaugh (the present plaintiff), was the owner and holder

of the balance remaining due and unpaid above the amount of $490, which $490 the court had credited as payment upon the note. Defendants contend they do not deny Anspaugh is the owner and holder of the balance remaining due upon the note but merely contend that Anspaugh cannot enforce payment of the balance in a second action on the note. It is somewhat difficult to ignore what obviously must have been the intention of the trial court in that action. Anspaugh was not a party to that action. Had the trial court intended Anspaugh should have no right to recover the balance due in another action then that part of the judgment which decreed that Anspaugh was the owner and holder of the balance due on the note, constituted a useless and futile gesture. The trial court was confronted with the fact that defendants objected to bringing Anspaugh into that action. It appears the court intended to render a judgment for the benefit of a third party. Defendants were parties to that action and have not appealed from the judgment. We need, however, not determine whether defendants are bound by that judgment. Assuming for the moment defendants are correct in their contention that such judgment did not give Anspaugh the right to enforce the balance of the note against them, what is the effect of defendants' conduct in successfully resisting the attempt to make Anspaugh a party to that action? Had defendants permitted Anspaugh to be brought into that action all rights in the cause of action on the note might have been litigated in a single suit and the rights of defendants against Anspaugh also might have been completely determined in that single action. It is also well to note that defendants might have insisted at the beginning of the former action that Anspaugh was a proper party to that action in order that all issues between all the parties might be determined in a single action. They asserted claims in that action against Anspaugh. Defendants contend they did not know when the former action was instituted, that the bank did not claim to be the owner and holder of the entire interest in the note. They must have known before the action was instituted, from letters addressed to them by the bank, that the bank held the instant note as collateral for the debt of Anspaugh. In the second letter the bank specifically advised defendants that Anspaugh was indebted to it in the sum of $475 for which their note was pledged as collateral and that the bank wanted Anspaugh's note paid and that if it was not paid by defendants, the bank would bring suit on the instant note. Moreover, defendants had definite knowledge from the plain en-

dorsement on the note itself when the former action was first filed that the bank held their note only as collateral. To be sure, the bank was a holder of the note in due course just as it had pleaded, but for what purpose? The note was the best evidence and the endorsement on the note plainly said "I hereby assign the within note to the State Bank of Meriden with recourse for collateral. (Signed) Samuel R. Anspaugh." The trial court in the former action expressly found the note had been assigned to the bank before maturity and in good faith as collateral security and that the bank was an innocent holder for value, in due course, to the extent of its lien in the sum of $490. (Finding 3.) In view of all the facts defendants cannot well be heard to say they did not know the bank held their note as collateral. The record, all too clearly, indicates they did know that fact. The record also discloses it was actually their contention in the former action that the bank held the note only as collateral and could recover against them only the amount for which Anspaugh had pledged their note as security. They, however, permitted that lawsuit to proceed almost to judgment and then for the first time made known their own position that the bank could recover only the amount of its claim against Anspaugh which was $490, including interest. (Finding 5.) They also then knew the court intended to hold they had a valid counterclaim on the note against Anspaugh on a breach of warranty in the sum of $121.63 with interest. (Journal entry of judgment in former case and Findings 5 and 6, in instant case.) It would seem the court must have had the counterclaim in mind when it provided that Anspaugh was the owner and holder of the instant note for the balance due and owing on the note after crediting the judgment of the bank in the sum of $490. Manifestly, defendants must have concluded if they could keep Anspaugh out of that lawsuit he would not be able to collect the balance on the note because another suit would involve a splitting of the cause of action and that they could then sue and recover from Anspaugh the item of $121.63. In any event defendants succeeded in keeping Anspaugh out of that action and thereby prevented him, in that action, from asserting his rights against them for the balance due on the note. They not only invited but procured the splitting of the cause of action. They should not be permitted to profit by that conduct. The doctrine against splitting a cause of action is designed for the protection of defendants and not to give them an unjust advantage. Its object is to prevent a multiplicity

of suits. (*Coal Co. v. Brick Co.,* 52 Kan. 747, 35 Pac. 810; *First Nat'l Bank v. Schruben,* 125 Kan. 417, 422, 265 Pac. 53; *Krueger v. Schlemeyer,* 145 Kan. 469, 476, 66 P. 2d 395; 1 C. J. S., Actions, § 102 [c].) But a defendant may agree to the splitting of a cause of action or he may waive the right to insist upon the rule forbidding the splitting of a cause of action. (1 Am. Jur., Actions, § 101; 1 C. J. S., Actions, § 102 [g]; *Louisville Bridge v. L. & N. R. R. Co. et al.,* 116 Ky. 258.)

Defendants direct our attention to the well-established rule that a cause of action may not be split (*State Bank v. Blevins,* 46 Kan. 536, 26 Pac. 1044; *First Nat'l Bank v. Schruben,* supra), and that a note is ordinarily merged in a judgment rendered thereon (*Price v. Bank,* 62 Kan. 735, 64 Pac. 637; *First Nat'l Bank v. Schruben,* supra). There is no doubt concerning those general principles. Those cases do not, nor do any other cases cited, hold that a defendant may waive or procure the splitting of a cause of action, and thereafter adopt an inconsistent position by invoking the doctrine against splitting and thus obtain an unjust advantage by avoiding liability on an existing debt.

Defendants next argue the question of waiver was one of fact and that the trial court has resolved the fact in their favor. The trial court did not find there was no waiver, and if it had, the finding could not be sustained. It concluded, as a matter of law, there was a splitting of the cause of action. The record compels us to say the splitting could and would have been avoided except for the conduct of defendants. To be sure the bank might have made Anspaugh a party defendant when the former action was first filed. It did, however, before judgment was rendered ask that Anspaugh be made a party defendant. The request was successfully resisted by defendants. They contend it would have occasioned inconvenience to have permitted Anspaugh to be brought into the action at that stage of the trial and would have required a retrial or at least a retrial of a portion of the case. Obviously it would not have caused more, if as much, inconvenience to defendants as has the instant case, together with an appeal to this court prior to the trial of the instant action on its merits.

Defendants contend the bank deliberately failed to make Anspaugh a party when it filed the former action in order that it might recover the full amount of the note free from defenses they had against Anspaugh. We have previously discussed the subject of the

bank's rights in and to the note. In answer to the last contention, however, it is sufficient to say if such was the original intention of the bank that intention was completely defeated by reason of the limited amount the bank was permitted to recover on the note. Furthermore, if defendants had not succeeded in keeping Anspaugh out of the former action they might have asserted every defense they had on the note against Anspaugh and every proper counterclaim or setoff.

The journal entry of judgment in the former action does not disclose the note was entirely merged in judgment. The note was not canceled and the judgment made Anspaugh the owner and holder of the balance due on the note in excess of the bank's lien thereon in the sum of $490. Defendants urge that judgment was not binding on Anspaugh because he was not a party to the action. The contention does not reach the mark on the subject of merger. Defendants and the bank were parties to the action and the bank was not permitted to merge the entire note in judgment but was permitted to merge only $490 thereof in judgment. The entire note might and would have been merged in judgment in the single action except for the insistence of defendants which kept Anspaugh out of that action.

The judgment in the instant case, that Anspaugh cannot maintain an action on the balance due on the note, is reversed and the cause is remanded to the district court for trial.