No. 32,051

THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant*,
v. VERNE ENID BROWN, *Appellee*.

(36 P. 2d 960)

Opinion filed November 3, 1934.

*W. D. Jochems, J. Wirth Sargent, C. Edward Murray* and *Emmet A. Blacs,* all of Wichita, for the appellant.

*Joe T. Rogers* and *James A. Conly,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this case the court refused to confirm a sale of property levied on and sold conformable to law at an execution sale. A mortgage had been made to secure the payment of the notes, but the plaintiff for some reason did not foreclose the mort-

gage, and the property sold was not that described in the mortgage. The plaintiff, the Farmers & Bankers Life Insurance Company, brought an action on three notes to recover the amount due with the interest thereon amounting to $1,246.99. There was personal service upon defendant, but judgment was taken by default with direction to issue execution. Afterwards execution was issued and was levied upon property other than that described in the mortgage. The defendant moved to cancel and set aside the execution on the ground that the plaintiff had a mortgage upon the property, but was not foreclosing it, and had sold other property upon execution to avoid the moratorium laws and other statutes intended for the protection of mortgaged property.

The plaintiff, on the other hand, moved to confirm the sale, stating that it had been sold to plaintiff in due form and the sale was made conformable to law and equity. The court held that the sale was regularly made and all steps taken in due form, but on the objection of counsel that plaintiff had received a mortgage to secure the notes, had not foreclosed it, but had sold other lands upon the execution, the court refused to confirm the sale.

In deciding the case the court remarked—

"The sale was regularly held and that the proceedings thereunder were in due form, but further finds that the said sale should not be confirmed, and that the motion of the defendant not to confirm said sale should be sustained, for the reason that the plaintiff had received security in the form of a real-estate mortgage to said note sued upon in this action and had not foreclosed upon its mortgage."

. In another part of its opinion the court remarked—

"The court feels [that the mortgage] should first be subjected to the payment of the debt, then, if deficiency arises, it is a question of the court, if the court is invoked, as to whether other property may be levied on general execution, but to disregard the property securing this note, by way of mortgage, is in effect circumventing the provisions of the legislature in statutory form and for that reason the court is refusing to confirm at this time."

In an early case the question was decided. It was determined in *Lichty v. McMartin*, 11 Kan. 565, that plaintiff was entitled to sue on the notes alone or he might sue and foreclose the mortgage if he could get service on the debtor in Kansas. It was held that the primary obligation was on the notes and that the mortgage was only security for the payment of the notes. That the action on the notes is transitory, and plaintiff may sue on the notes wherever he can find the defendant, while he can only foreclose his mortgage in

the county and state where the property is situated. The syllabus is as follows:

"The owner and holder of a promissory note to secure which note the maker thereof gave a mortgage on real property, is not required to foreclose said mortgage, but may bring his action on the note alone wherever he may find the maker of the note; and this, whether the note and mortgage were given in this state or elsewhere, whether the mortgaged premises are situated in this state or any other state, or whether the mortgagor (maker of the note) has or has not sold and conveyed the mortgaged premises to a third party subject to said mortgage debt.

"The mortgage is only a security for the payment of the note. The action on the note is transitory, and may be brought wherever the debtor may be found. The action to foreclose the mortgage is local, and can only be brought in the county and state where the land lies. But the holder always had and still has his election, whether he will sue on the note alone, or sue on the note and mortgage together." (¶¶ 1, 2.)

In *Hunt v. Bowman,* 62 Kan. 448, 63 Pac. 747, the same view was taken of the doctrine that was laid down in *Lichty v. McMartin,* supra; also *Wildin v. Duckworth,* 83 Kan. 698, 112 Pac. 606; *Hodgen v. Roy,* 102 Kan. 197, 169 Pac. 1143.

In the latter case it was held that a party may employ as many remedies as the law gives him provided they are not inconsistent with each other. He may sue on the debt alone and may obtain an attachment or other proceedings authorized by law to enforce payment or he may foreclose the mortgage and subject the mortgaged property to the payment of the debt.

In *Kaw Valley State Bank v. Chumos,* 138 Kan. 714, 27 P. 2d 244, the court set aside a confirmation of a sale of other property than that secured by a real-estate mortgage, because the amount paid was not adequate under the circumstances, and held that the sale was not made in conformity with equity. There are a number of provisions that the court is already enforcing which affords some protection, including the amendment of the law which authorizes the court to enforce the principles of equity in the confirmation of sales. For instance, if the price paid for property at the sale is grossly inadequate, the sale may be set aside. This is deemed proper under R. S. 60-3463, and it is held that an inadequate price is a sufficient reason for denying confirmation of a sale.

In the case before us we have the decision that the price paid is adequate, that all the steps taken at the proceedings are in conformity with law. The fact that the appellant which had a mortgage did not choose to foreclose it, is consistent with our law that

a creditor may sue on the notes alone and may have execution to enforce the judgment. There is no repeal of the law and the passage of any of the laws mentioned by counsel for defendant will not operate to repeal the law or change its practice. In *Wildin v. Duckworth,* supra, it was said that:

"No good reason appears why the judgment creditor in this case was not entitled to its choice of remedies under the judgment, and we accordingly hold that it was entitled thereto. . . . in the first instance, he may have a general execution issued and levied upon any property subject to execution to satisfy the entire judgment."

In accordance with this view we must hold that the judgment of the district court must be reversed. It will be in accordance with equity to hold that the mortgage should be cleared of record by an entry by the creditor that the mortgage should be canceled or released. The debt has been paid and is fully discharged by the sale of other property than that which was mortgaged. It will be equitable to direct the creditor to clear the title by releasing and canceling the mortgage. This may be done, and when accomplished the judgment is reversed.