No. 32,701

The Aetna Building and Loan Association, *Appellee*, v. Dean . T. Sunderland and Kathryne Sunderland, His Wife, *Appellants*.

(56 P. 2d 462)

Opinion filed April 11, 1936.

*Roscoe E. Peterson,* of Larned, for the appellants.

*John S. Dean, John S. Dean, Jr., Mark L. Bennett,* all of Topeka, *W. H. Vernon, J. S. Vernon* and *Vincent G. Fleming,* all of Larned, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action on a promissory note which defendants had executed to the plaintiff. The face of the note was for $4,500, bearing interest at 5 percent, payable monthly. Plaintiff set out a schedule of debits and credits pertaining to the note and prayed judgment thereon.

Defendants' answer admitted the execution of the note, and alleged that defendants had purchased from plaintiff a residential property in Forgan, Beaver county, Oklahoma; that the note in question was for the unpaid balance of the purchase price, and that it was secured by a real-estate mortgage covering the property.

Defendants' answer also alleged that plaintiff's corporate structure was that of a building and loan association; that as such it was required to take real-estate security for loans; that it had never instituted proceedings to foreclose its mortgage on the Forgan property, and that it was not entitled to maintain this action without setting up its mortgage and having the same foreclosed and the property sold in foreclosure in conformity with established rules and practices of building and loan corporations.

The legal question thus raised was argued before the trial court, and decided adversely to defendants. The exact amount due from

defendants was amicably fixed by the litigants, and judgment was accordingly entered for plaintiff.

This appeal raises the single question whether under Kansas law a building and loan association may bring an action on a promissory note without maintaining incidental proceedings to foreclose the mortgage it holds to secure the payment of the note.

Counsel for defendants remind us that the maker of a note and morgtage to a building and loan association has the status of a shareholder in the corporation; he holds a proportionate number of installment shares which correspond to the extent of his indebtedness, and that these shares have a monetary withdrawal value which eventually is applied to the liquidation of his indebtedness. All of which is correct, of course; but it is not arguable here that in the rendition of judgment defendants were not duly credited with the withdrawal value of the shares of stock issued to them at the time of the transaction which culminated in the execution of the note and mortgage. Counsel likewise say that in some states a building and loan company is required by statute to foreclose its mortgage and exhaust the security before seeking other recourse for the collection of its due. The wisdom of such a policy can only concern the legislature, but circumstances can readily be imagined where its humanity would be open to question. No creditor should be criti- cized for reducing his due to judgment, to await a possible improvement of his judgment debtor's circumstances for payment; but he might be altogether indisposed to demand or require that the mortgage he held on his debtor's home be foreclosed, the home sold, and the debtor and his hapless family turned out of doors. Yet by the logic of defendants' counsel the creditor would be compelled to do that very thing.

Counsel also remind us that building and loan associations are corporations of limited powers. Very true, but so long as they do not transcend those powers it is no concern of anybody except their responsible officials how or to what extent those corporate powers are to be exercised. Certainly it is no corporate delinquency, nor a matter of which defendants can complain, that plaintiff is content to withhold a demand to which the ruthless letter of the statute would entitle it.

It has always been the law of this state that the holder of a promissory note secured by a mortgage could sue on it without seeking to foreclose the mortgage security pertaining thereto.

In *Lichty v. McMartin*, 11 Kan. 565, decided sixty-three years ago, the syllabus, in part, reads:

"The owner and holder of a promissory note to secure which note the maker thereof gave a mortgage on real property, is not required to foreclose said mortgage, but may bring his action on the note alone wherever he may find the maker of the note; and this, whether the note and mortgage were given in this state or elsewhere, whether the mortgaged premises are situated in this state or any other state, . . . " (Syl. ¶ 1.)

In *Farmers & Bankers Life Ins. Co. v. Brown*, 140 Kan. 458, 36 P. 2d 960, the foregoing rule was reiterated and intervening cases cited. No sound reason can be advanced for a holding that a building and loan association has any less discretion as mortgagee in respect to such matters than any other mortgage holder.

We have not failed to note the statutory provisions governing building and loan associations, among which is R. S. 17-1012, which provides that if any borrowing shareholder shall fail to pay dues, interest, fines or other proper charges for a period of six successive months, the association may proceed, according to law, to foreclose the mortgage, etc. This court cannot assent to the suggestion that the procedure just summarized is exclusive, nor that the language which says the association "may proceed" to foreclose the mortgage means that it must proceed in that fashion and not otherwise.

The judgment of the district court is affirmed.