No. 35,053

MASELIUS MYDLAND, *Appellee*, v. CARL MYDLAND et al., *Defendants*. (E. V. SNYDER, *Appellant*.)

(112 P. 2d 104)

Opinion filed April 12, 1941.

A. F. Schoeppel, Tom Smyth, both of Ness City, C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger, E. S. Hampton and R. E. Haggart, all of Salina, for the appellant.

J. H. Jenson and Corwin C. Spencer, both of Oakley, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an action for the partition of real estate. A demurrer was sustained to the original answer of one of the defendants and no appeal was taken. Thereafter, such defendant filed an amended answer, out of time and without leave of court and after the term of court had passed. Plaintiff filed a motion to strike the amended answer from the files. From an order sustaining the motion defendant appeals.

The allegations of the pleadings need not be recited in detail. Statement of a few essential facts will suffice to indicate the questions here presented. The land which appellee seeks to partition is in Thomas county. The original answer alleged that appellant had a prior and superior lien by virtue of a mortgage deed—hereinafter referred to as a mortgage—executed to her by the then title holder, which mortgage had been given together with a similar mortgage on certain land in Logan county as security for two promissory notes given as evidence of an indebtedness growing out of a cash loan made by appellant to the mortgagor; that the two notes had become merged in a personal judgment theretofore rendered in an action in Logan county; that in the action in Logan county a personal judgment had been taken for the full amount of the indebtedness, subject to a credit of the amount fixed by the court as the value of the Logan county land, of which appellant was then mortgagee in possession; that the notes had been surrendered to the clerk of the court for cancellation, and that the Thomas county mortgage lien, originally taken as security for the notes, had become security for the personal judgment secured in Logan county.

Appellee demurred to the answer on the ground that it did not state a defense, and particularly on the ground that it showed on its face that the matters therein alleged "have or should have been fully litigated as between the parties thereto"; that they had become *res judicata* and that appellant was attempting to split her cause of action. On May 22, 1939, after oral arguments and briefs submitted, the court sustained the demurrer. After the term and more than sixty days after the demurrer was sustained—the exact date being undisclosed by the record—appellant filed an amended answer and without securing leave of the court therefor. Appellee moved to strike the amended answer for the same reasons theretofore stated in the demurrer to the original answer and for the further reason that

it was a reiteration of the same defense alleged in the original answer, to which such demurrer had been sustained.

Oral arguments were heard, briefs again submitted, and the trial court sustained the motion to strike as to all matters in the amended answer that had been contained in the original answer, leaving for further consideration "questions of law which are incorporated in the amended answer, going to the jurisdiction of the court." The court stated that it found no new allegations in the amended answer except that the pleader was a mortgagee in possession of the land, and that no action in ejectment had been joined by the plaintiff in his action for partition.

Plainly, the first question which arises is whether the allegations of the amended answer differed materially from those of the original answer, to which the demurrer had been previously sustained. Appellant, however, devotes most of her argument to the contention that the judgment entered in the Logan county action did not constitute an adjudication of her rights existing under the mortgage lien on the Thomas county land. While it is unnecessary to determine the latter question, in view of the conclusion stated later herein on the initial question, we make brief comment concerning it. Although the record does not disclose the grounds upon which the demurrer was sustained, it may fairly be assumed that the court predicated the order sustaining it upon the rule stated many times by this court— and with increasing insistence in the later cases—that when all the parties are in court and the court has full jurisdiction of the subject matter to determine all issues properly involved, all such issues should be then determined, and that not only do the matters which are then expressly determined, but also all matters which might and should have been then determined become *res judicata*. (*Gray v. Johnson,* 150 Kan. 276, 92 P. 2d 46; *Phoenix Mutual Life Ins. Co. v. Nevitt,* 147 Kan. 772, 78 P. 2d 913; *Lins v. Eads,* 145 Kan. 493, 66 P. 2d 390; *Kaw Valley State Bank v. Thompson,* 140 Kan. 726, 37 P. 2d 985; *First Nat'l Bank v. Schruben,* 125 Kan. 417, 265 Pac. 53.)

The two notes which were secured by the mortgage liens on the Logan county land and the Thomas county land grew out of one transaction. They represented the one indebtedness for which appellant sought and secured a personal judgment in the Logan county action. It would appear—though we do not here determine the question—that the mortgage lien on the Thomas county land could have been foreclosed in the Logan county action. (See G. S. 1935, 60-501, 60-502; *Phoenix Mutual Life Ins. Co. v. Nevitt,* supra.) Appellant

argues that the mortgage lien on the Thomas county land could not have been foreclosed in the Logan county action because third parties held a purchase contract to the Thomas county land, and that unless and until they were in default on such contract the mortgage could not be foreclosed and the land sold. The purchase contract was assigned to appellant, according to the allegations of the answers, merely as additional security. The debt was in default and was reduced to judgment by appellant. Can it be said that the mortgage security was not subject to foreclosure merely because the mortgagor had assigned to the mortgagee, as additional security, a purchase contract which may not have been in default?

Appellant also urges strongly the case of *Rossiter v. Merriman,* 80 Kan. 739, 104 Pac. 858, in support of the proposition that the securing of a personal judgment on a note without seeking or obtaining foreclosure of the mortgage given to secure it does not preclude later action to foreclose the mortgage. Inasmuch as the instant case turns on another issue, we need not here examine that question to determine whether the rule stated in the Rossiter case has been abrogated, modified or limited in application by the decisions of later years which condemn the splitting of causes of action and which apply broadly the doctrine of *res judicata.*

Regardless of whether the rights existing under the mortgage as to the Thomas county land had become *res judicata* by virtue of the prior adjudication in Logan county, the motion to strike was properly sustained. We have carefully compared the allegations of fact contained in the original with those in the amended answer and discern no material difference in them. The defense pleaded was essentially the same in both answers. No additional, substantial, material facts were alleged in the amended answer which would affect the result as against demurrer. If a demurrer to the original answer was good, a demurrer to the amended answer would have been good. That issue had already been determined when the demurrer to the original answer was sustained. No appeal having been taken from the order sustaining the demurrer, appellant could not again raise the same question by the amended answer, filed after the time for appeal had expired and the term of court in which the order was entered had passed. The motion to strike was a proper one.

As hereinbefore noted, the trial court sustained the motion to strike the amended answer only as to matter contained in the original answer and reserved decision upon additional questions of law raised by the amended answer. We find no error. The judgment is affirmed.