No. 35,783

THE KEARNY COUNTY BANK, *Appellee*, v. JOE NUNN and ILVA
ECKERT, NEE ILVA NUNN (JOE NUNN, *Appellant*)..

(134 P. 2d 635)

Opinion filed
March 6, 1943.

*Wm. Easton Hutchinson, C. E. Vance* and *A. M. Fleming,* all of Garden
City, were on the briefs for the appellant.

*H. O. Trinkle, Ray H. Calihan* and *Roland H. Tate,* all of Garden City,
were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action on a promissory note dated April
3, 1931, due on or before two years from date. The petition con-
tained allegations, not denied, precluding any defense under the
statute of limitations.

The answer, which was verified, set up three defenses, only one of
which—the second—is here involved. Summarizing, this portion of
the answer, after admitting the execution of the note, alleged: that
as a part of the same transaction defendant Joe Nunn gave plaintiff
a mortgage on real estate owned by him, subject to first and second
mortgages; that in 1934 the holder of the first mortgage instituted
an action to foreclose its lien, including as defendants, and obtaining ·

personal service on the second mortgagee, the plaintiff, and this defendant, all parties appearing and filing answer; that plaintiff here, as defendant in such action filed its answer and cross petition, alleging execution of the note, the mortgage given to secure the same and the amount due thereon; that thereafter plaintiff obtained a judgment decreeing the mortgage to be a valid lien on the real estate and giving it the right to make redemption as a junior creditor and lien holder, and ordering the residue, if any, derived from the sale of the lands paid into court to await further orders. The answer and cross petition and journal entry in that action were by reference made a part of defendant's pleading. The answer further alleged sale of the real property pursuant to order of sale, the application of the proceeds to payment of judgment as to various lien holders and the fact no residue remained to apply upon the judgment or debt due plaintiff in this action; that the debt evidenced by the note sued on and secured by the mortgage given to secure it was then past due and unpaid; that the court had full jurisdiction of all parties in such action and plaintiff could and should have asked for and received therein all relief to which it was then or might now be entitled to on the note sued on; and, that by having prayed for and received a part of the relief to which it was entitled on the note, plaintiff waived the right to proceed further thereon and is now estopped to prosecute this action.

Plaintiff demurred to this second defense as set forth in the answer on the ground the allegations therein contained did not set forth facts sufficient to constitute a defense to the cause of action set forth in plaintiff's petition. The demurrer was sustained and defendant appeals.

It is apparent the trial court sustained the demurrer on the theory it is no defense to an action on a note to be able to show that in a former action the owner of the note, which was secured by a real-estate mortgage, had sought and obtained a judgment in rem foreclosing the mortgage, without seeking to or obtaining a judgment on the note, notwithstanding the maker thereof was a party to the action, had been personally served with summons, and a judgment in personam could have been rendered against him. The plaintiff makes that argument to this court in support of its position that the trial court was correct in sustaining a demurrer to an answer containing allegations clearly describing the existence of such a factual situation.

The question of whether or not the pleading of and judgment for the holder of a junior mortgage in an action to foreclose prior mortgages is *res judicata* in a subsequent action on the note secured by such inferior mortgage is not devoid of difficulty.

Our statute expressly deals with the requisites of judgments in actions brought to enforce mortgages or other liens. G. S. 1935, 60-3107 provides:

"In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due, as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for the sale of the property charged and the application of the proceeds, or such application may be reserved for the further order of the court; . . ."

The rule prohibiting the splitting of a cause of action has always had the approval of this court and is well established in Kansas. (*Todd v. Central Petroleum Co.,* 155 Kan. 249, 124 P. 2d 704; *Anspaugh v. Dougherty,* 153 Kan. 257, 109 P. 2d 101; *Krueger v. Schlemeyer,* 145 Kan. 469, 66 P. 2d 395; *First Nat'l Bank v. Schruben,* 125 Kan. 417, 265 Pac. 53; *Thisler v. Miller,* 53 Kan. 515, 36 Pac. 1060; *Coal Co. v. Brick Co.,* 52 Kan. 747, 35 Pac. 810; *W. & W. Rld. Co. v. Beebe,* 39 Kan. 465, 18 Pac. 502.)

The purpose of the rule is to protect a defendant against a multiplicity of suits on a single cause of action. The rule and the reason for its existence are well illustrated in the instant situation where the creditor, having a single cause of action on his note and mortgage, and the opportunity to take judgment on both, elected to disregard the note and merely foreclose the mortgage, with the expectation that at some later date, in another action, he would obtain a judgment in personam upon the primary obligation, without which the mortgage would never have been executed.

That the defense of *res judicata,* as set forth in appellant's answer is available to him would seem to be established by the decisions of this court. It has been repeatedly held that when all parties are in court, and the court has full jurisdiction of the subject matter and parties and could determine all issues properly involved, all such issues, should be then determined, and that not only do the matters which are then expressly determined but also all other matters which might and should have been then determined becomes *res judicata* and are not available to the parties in a future action. (*Mydland v. Mydland,* 153 Kan. 497, 499, 112 P. 2d 104; *Stimec v. Verderber,* 152 Kan. 582, 585, 106 P. 2d 708; *Gray v. Johnson,* 150 Kan. 276,

92 P. 2d 46; *Phoenix Mutual Life Ins. Co. v. Nevitt,* 147 Kan. 772, 78 P. 2d 913; *Levi v. Levi,* 149 Kan. 234, 237, 86 P. 2d 473; *Lins v. Eads,* 145 Kan. 493, 66 P. 2d 390; *Dreier v. Ramsel,* 141 Kan. 502, 41 P.2d 997; *First Nat'l Bank v. Schruben,* 125 Kan.417, 265 Pac.53; *Fletcher v. Kellogg,* 125 Kan. 330, 263 Pac. 1048; *Kaw Valley State Bank v. Thompson,* 140 Kan. 726, 37 P. 2d 985; *Clemons v. Kansas Gas & Electric Co.,* 131 Kan. 93, 97, 289 Pac. 461; *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 118, 242 Pac. 656; *Snehoda v. National Bank,* 115 Kan. 836, 840, 224 Pac. 914.)

Appellee recognizes the existence of these doctrines as herein stated but insists that the facts in the case at bar are such that they have no application and do not preclude it from maintaining this action, and in support of its position cite a number of our decisions. Those decisions merit our attention and we will now discuss them with as much brevity as the importance of appellee's contention will permit.

*Hunt v. Bowman,* 62 Kan. 448, 63 Pac. 747, is cited. All it holds is that the holder of a note secured by a mortgage may bring an action on the note alone, obtain judgment thereon, and sell the mortgaged property upon execution. That case does not help appellee's situation. The doctrine of *res judicata* in no sense forbids the waiver of a mortgage lien by the mortgagee. To the same effect are: *Aetna B. & L. Ass'n v. Sunderland,* 143 Kan. 636, 56 P. 2d 462, and *Farmers Bankers Life Ins. Co., v. Brown,* 140 Kan. 458, 36 P. 2d 960, cited by appellee.

*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825, on which it relies is not in conflict with the general rule. It is in line with the decision in *Anspaugh v. Dougherty,* supra, wherein it was held:

"A defendant may agree to the splitting of a cause of action or he may waive the right to insist upon the rule forbidding the splitting of a single cause of action, and where he invites or procures such splitting he will not, in a second action, be permitted to adopt an inconsistent position by invoking the doctrine against splitting and thus obtain an unjust advantage by defeating a claim for the balance remaining due and unpaid on such cause of action." (Syl. ¶ 2.)

*Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 108 P. 2d 492, affirms these cases and in addition is authority for the further rule that the holder of a note, secured by a second real estate mortgage, cannot be compelled, even where made a party and served with summons, to file answer and accelerate against his desire, his right of action against the mortgagor, simply because the

holder of the first mortgage has elected to institute foreclosure proceedings to secure judgment on his debt, sell the property and bar inferior lien holders. The second mortgagee may, under such circumstances, if he desires, permit judgment to be rendered by default against him, thereby raising no issue as to his rights under his note and mortgage except insofar as they pertain to the status of his lien as against the first mortgagee. Under such conditions his claim does not become *res judicata* in a future action. To so hold does not defeat the purpose of the rule for he is protecting the mortgagor from, not subjecting him to, additional litigation. Therefore, this case in no sense avoids the force and effect of the rules enunciated and is not helpful.

Appellee calls our attention to *Topeka State Bank v. Waters*, 121 Kan. 126, 245 Pac. 1028, as supporting its position. In that case the note in controversy, secured by a second mortgage, was executed by one Squires to the defendant who endorsed it to the plaintiff bank. Prior to that date, defendant had executed a first mortgage on the same real estate. The holder of the first mortgage commenced proceeding to foreclose, making the bank, Squires and the defendant parties. The bank filed an answer and cross petition, sought no personal judgment against the defendent, but attempted to recover from Squires and under its second lien on the mortgaged property. Subsequently, the property was sold at sheriff's sale for approximately the amount of the first mortgage. Later the bank brought an action to recover from the defendant, payee and endorser of the note. The defendant pleaded *res judicata*. The court held such defense was not good. This case does not help appellee's position. The decision quite properly was based on G. S. 1935, 60-414, providing:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and endorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

The bank in the former action—as it had a right to do—exercised its option to sue the maker of the note only, and no issue was there litigated between the parties to the present action.

We come now to the crucial point in this lawsuit. Appellee stresses the case of *Rossiter v. Merriman*, 80 Kan. 739, 104 Pac. 858, in addition to those we have determined did not apply to the situation under consideration, and urges it as authority for its proposition that the securing of a personal judgment on a note without seeking

or obtaining foreclosure of the mortgage given to secure it does not preclude a later action to foreclose the mortgage, or vice versa, that the securing of a judgment foreclosing the mortgage does not preclude a subsequent action on the note.

In recent years, few, if any, courts have gone further than this court in applying the doctrine of *res judicata*. During those years the proposition urged by appellee has not been determined. So far as we have been able to ascertain it has been referred to in but two cases and then was not decided because their determination turned on other issues. See *Mydland v. Mydland,* 153 Kan. 497, 500, 112 P. 2d 104 and *Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 704, 108 P. 2d 492. That the issue was an important one, was recognized by this court in the Mydland case wherein it was said:

"Inasmuch as the instant case turns on another issue, we need not here examine that question to determine whether the rule stated in the Rossiter case has been abrogated, modified or limited in application by the decisions of later years which condemn the splitting of causes of action and which apply broadly the doctrine of *res judicata.*" (p. 500.)

What then, in view of this modern doctrine of res judicata, inasmuch as this question is squarely presented, is to be said for appellee's contention?

In our determination of this proposition it is interesting to refer to some of the earlier decisions of this court. The early case of *Lichty v. McMartin,* 11 Kan. 565, cited by appellee and which in our opinion is not applicable to the instant situation, involved a note and mortgage secured by real estate located in Illinois. The maker moved to Kansas where he was sued and a judgment in personam obtained against him. The only question was whether the plaintiff could sue on the note alone, and in Kansas, or whether he must go back to Illinois, and there institute a proceeding on the note and mortgage together for the purpose of making the mortgaged property pay the debt. The court held he could sue on the note in Kansas. In the opinion it was said:

"The plaintiff must always sue for the debt whether he asks to have the mortgaged property applied in payment thereof or not (Code § 399; chapter 87, Laws 1870, p. 175, § 13;) and his judgment is always a personal judgment for the debt whether he obtains an order to have the property sold to satisfy the debt or not." (p. 568.)

Of interest, also, is the fact that chapter 87, Laws 1870, *supra,* contained the identical language now found in G. S. 1935, 60-3107.

Later in *Dumont v. Taylor*, 67 Kan. 727, 74 Pac. 234, we find the following: "A mortgage lien is merged into a decree foreclosing it. After that an action cannot be maintained on the indebtedness secured by the mortgage or for the foreclosure of the mortgage a second time."

Somewhat similar statements are to be found in the opinion in *Swenson v. Plow Co.*, 14 Kan. 387.

The rule announced in the last preceding cases was not seriously questioned until *Rossiter v. Merriman*, supra. There, the plaintiff attempted to obtain judgment on a note and foreclosure of the real estate mortgage securing the same in a court which had jurisdiction to render a personal judgment on the note and lacked jurisdiction to order a foreclosure of the mortgage. Judgment was rendered for the amount due on the note. Thereafter, suit was brought in district court on the same note and mortgage. The lower court held the note had lost its vitality and that the cause of action being upon the note plaintiff was not entitled to maintain his action. On appeal this court held that while it was clear that a note reduced to judgment became merged in the judgment and could not thereafter be made the foundation of a subsequent cause of action, that, nevertheless, the creditor was entitled to recover the debt evidenced by the judgment and to a foreclosure of the mortgage given to secure the debt. Subsequently, in a number of cases, including *City of Topeka v. Ritchie*, 102 Kan. 384, 387, 170 Pac. 1003; *Exchange State Bank v. Central Trust Co.*, 127 Kan. 239, 243, 273 Pac. 477; and the *Union Central Life Ins. Co. v. Irrigation L. & T. Co.*, 146 Kan. 550, 553, 73 P. 2d 72, the Rossiter case has been cited along with other cases in support of the rule that when a note is reduced to judgment it becomes merged therein. Our examination discloses no case following its rule that after the merger the judgment is evidence of the debt secured by the mortgage and entitles the judgment holder to a foreclosure of the mortgage given to secure the original note. We think the decision in *Rossiter v. Merriman*, supra, has been abrogated by later decisions of this court which condemn the splitting of causes of action and which broadly apply the doctrine of *res judicata*.

From a detailed examination of the decisions herein cited, and many others dealing with various phases of the questions involved in this appeal, we have concluded and hold that the facts set forth in the second defense of defendant's answer, assuming for purposes of the demurrer the truth of all allegations therein, were sufficient to

and did constitute a valid defense to the cause of action alleged in plaintiff's petition.

The judgment is reversed and the cause remanded with instructions to set aside the ruling sustaining plaintiff's demurrer to the second defense set forth in the answer.