In re Jerry D. WILSON, Debtor.

**LIBERTY LOAN CORPORATION,**
Appellant,

v.

Royce E. WALLACE, Trustee,
Appellee.

No. 23467–B–2.

United States District Court,
D. Kansas.

March 5, 1975.

Martin E. Updegraff, Wichita, Kan., for debtor.

Malcolm C. Black, Wichita, Kan., for appellant.

Royce E. Wallace, Wichita, Kan., for trustee.

## DECISION OF THE COURT

THEIS, District Judge.

This is an appeal from a ruling of the Bankruptcy Referee disallowing appellant's claim to a security interest in certain personal property and ordering that appellant's claim be treated as an unsecured obligation. The Trustee now moves the Court to dismiss the appeal on the ground that appellant has failed to designate the record and issues on appeal as required by Rule 806, Bankruptcy Rules. For the reasons hereinafter set forth, the Court holds that the appeal should not be dismissed and the Court will proceed in this opinion to determine the issues raised by the appeal.

## MOTION TO DISMISS APPEAL

■ Appellant, Liberty Loan Corporation (hereinafter referred to as "Liberty Loan"), admits that it has failed to designate the record and issues on appeal as required by Rule 806 of the Bankruptcy Rules, but contends that a dismissal predicated upon such failure would be unjust. Liberty Loan points out that Rule 806 became effective shortly before this appeal was filed and claims that it inadvertently failed to notice the new rule. Rule 806 became effective October 1, 1973, and this appeal was filed November 16, 1973.

This appears to be a proper case for application of the provisions of Rule 814 of the Bankruptcy Rules. Rule 814 permits the Court to suspend the requirements of certain of the rules, including Rule 806, in the interest of expediting decision or for other good cause. In the instant action, the parties have agreed to the facts and the issues are adequately stated. The facts and issues are also stated in the Referee's opinion which is before the Court. Although no appeal briefs were filed, both parties briefed the law relating to the issues for the purpose of aiding the Referee's decision, and those briefs are also included in the record before the Court.

Rule XXII of the local rules of practice for the Court of Bankruptcy, modifies some of the rules concerning appeals procedure. This modification is authorized by Rule 814 of the Bankruptcy Rules. Rule XXII states that if no transcript is designated, the Referee's findings of fact shall be considered an adequate summary of the facts. The requirement in Rule 808 of the Bankruptcy Rules is that briefs be filed in all appeals but this requirement is suspended by Rule XXII unless the district judge affirmatively orders that briefs be filed.

Neither party claims or has attempted to show that prejudice would result from a refusal to dismiss the appeal, and it is apparent that there would be none. Rule 806 was intended to promote efficiency in the appeals process, it was not intended as a trap for the unwary litigant. It is therefore the ruling of the Court that under the specific circumstances of this case, the operation of Rule 806 should be suspended and the appeal considered on its merits.

## DECISION ON THE MERITS

The issues presented by this appeal arise in the following factual context. In December of 1971, Liberty Loan acquired and perfected, as security for a loan of $2,506.43, a security interest in two automobiles and certain household goods and appliances owned by debtor, Jerry D. Wilson and wife. The loan became delinquent in the summer of 1972.

On September 5, 1972, Liberty Loan brought an action on the debt and obtained an *in personam* judgment for the full amount of the loan. No attempt was made to replevin or foreclose on the collateral. On December 20, 1972, less than four months after the judgment was obtained, debtor filed a petition in the bankruptcy court initiating proceedings for a wage earner plan. Liberty Loan registered a claim in those proceedings, contending that it was entitled to the status of a secured creditor. The Trustee objected to Liberty Loan's claim as a secured party and the Referee upheld the objection. The Referee ordered that Liberty Loan be treated as a general unsecured creditor. Liberty Loan now appeals from the Referee's decision.

In reaching the conclusion that Liberty Loan should be treated as a general unsecured creditor, the Referee decided two separate but interrelated questions. First, the Referee concluded that under the principles of *res judicata,* once Liberty Loan obtained a judgment on the debt without also bringing an action to replevin or foreclose on the collateral, Liberty Loan lost the right to assert its security interest in that collateral. Second, the Referee determined that Liberty Loan's judgment on the debt does not entitle Liberty Loan to any priority or give Liberty Loan any status other than that of a general unsecured creditor.

The Referee's decision on the first question, i. e., that Liberty Loan lost its security interest when it obtained a judgment on the debtor, relies on the authority of Matter of Downey, No. 8726–B–2, decided by Chief Judge Wesley E. Brown of this district in 1964. The facts in the *Downey* case were substantially similar to those involved in the present action. There, the creditor held the debtor's promissory note secured by a chattel mortgage. When the debt became delinquent, the creditor obtained a judgment in the state court on the note only. No attempt was made to foreclose on the chattel mortgage. Chapter XIII proceedings were subsequently commenced and the creditor registered a claim as a secured party. The Trustee objected, claiming that the creditor was merely an unsecured creditor. The Referee upheld the objection and on appeal to the United States District Court, the Referee's decision was affirmed. The District Court held that since the creditor could have sought foreclosure on his chattel mortgage at the same time he brought the action on the note, he was precluded, under the principles of *res judicata,* from resorting to that chattel mortgage.

The rule announced in the *Downey* case is illuminated by an examination of the Kansas case law upon which it was based. The *Downey* decision is a logical extension of the decision by the Kansas Supreme Court in Kearny v. Nunn, 156 Kan. 563, 134 P.2d 635 (1943), which was an· *in personam* action on a note secured by a real estate mortgage. The defendant filed an answer alleging that in a former action the owner of the note had obtained a judgment *in rem* foreclosing the mortgage without seeking an *in personam* judgment on the note. The Kansas Supreme Court, noting that the maker of the note was a party to the former action foreclosing the mortgage, and an *in personam* action could have been brought at that time, held that the answer stated a valid defense under the doctrine of *res judicata* and the rule prohibiting splitting a cause of action. The *res judicata* rule relied upon by the Court is stated in the opinion as follows:

"It has been repeatedly held that when all parties are in court, and the court has full jurisdiction of the subject matter and parties and could determine all issues properly involved, all such issues should be then determined, and that not only do the matters which are then expressly determined but also all other matters which might and should have been then determined becomes [sic] *res judicata* and are

not available to the parties in a future action."

*Id.* 156 Kan. at 565, 134 P.2d at 636.

The Court further noted in the *Kearny* case that its previous decision in Rossiter v. Merriman, 80 Kan. 739, 104 P. 858 (1909), has been abrogated by later decisions which condemn the splitting of causes of action and broadly apply the doctrine of *res judicata*. In *Rossiter* the Court recognized that when an action is brought on the note and a judgment is obtained, the note becomes merged in the judgment and cannot be made the basis for a subsequent action. The Court added, however, that a mortgage which secured the note remains in effect as security for the judgment and may be asserted to enforce the judgment.

By its decision in *Kearny*, and the further statement that the *Rossiter* decision is abrogated by later decisions, the Kansas Supreme Court indicates that under the principles of *res judicata*, when a creditor brings either an action on a note or an action to foreclose a real estate mortgage securing that note, he has spent his one opportunity to judicially enforce the obligation. If the creditor first forecloses on the mortgage, he is precluded from bringing a subsequent action to obtain an *in personam* judgment on the note, and if he first obtains an *in personam* judgment, he is precluded from bringing a subsequent action to foreclose the mortgage. If the creditor wishes to both foreclose the mortgage and obtain an *in personam* judgment, he must assert both claims in a single action. The decision in *Downey* recognized that the doctrine of *res judicata*, as applied in the *Kearny* case to real estate mortgages, has a parallel application in the case of a chattel mortgage.

There is no material factual distinction between the *Downey* case and the present action and Liberty Loan implicitly concedes this to be so. Liberty Loan argues, however, that the subsequent enactment of the Uniform Commercial Code, K.S.A. 84–1–101 et seq., changes and overrides the rule announced in *Downey*. In support of its argument, Liberty Loan points to the following provisions of K.S.A. 84–9–501:

> "(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part . . . . He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. . . . The rights and remedies referred to in this subsection are cumulative.

> "(5) When a secured party has reduced his claim to judgment the lien of any levy which may be made upon his collateral by virtue of any execution based upon the judgment shall relate back to the date of the perfection of the security interest in such collateral. . . ."

Liberty Loan argues that the provisions of subsection (1) which make the rights and remedies cumulative, and the provisions of subsection (5) which relate the lien of any levy (hereinafter referred to as an execution lien) back to the date the security interest was perfected, are inconsistent with the rule stated in *Downey*, and with the claimed purport of the Kansas Supreme Court in Rural Gas, Inc. v. Shepek, 205 Kan. 397, 469 P.2d 341 (1970), on the scope and purpose of K.S.A. 84–9–501. The Court has carefully read and analyzed the Kansas Supreme Court case upon which appellant Liberty Loan relies. We agree with the Referee's opinion that the Kansas Supreme Court did not interpret 84–9–501 as appellant contends, but only decided a question of priority of liens. The precise question here was not discussed, nor was any attempt made to repeal or explain its previous precedential decisions upon which Judge Brown relied in *Downey*, and this Court likewise believes to be continuing and valid state law.

The Referee concluded that the provisions of the Uniform Commercial Code

support rather than nullify the *Downey* decision. The Court agrees with the Referee's conclusion. Since the rights and remedies are cumulative, the creditor is not forced to elect between the remedies and thus is free to assert them simultaneously. It is the fact that he is free to assert them simultaneously which activates the *res judicata* doctrine. The portion of subsection (5) which states that an execution lien relates back to the date the security interest was perfected likewise neither explicitly nor implicitly vitiates the rule followed in the *Downey* decision. Subsection (5) arguably gives rise to a negative inference that the creditor would lose his priority if the execution lien did not relate back. The creditor would lose his priority only if by obtaining an execution lien he loses the right to enforce his security interest. At least the provisions of subsection (5) avoid the need to bring a second action to enforce the security interest by giving the creditor the same priority under his execution lien as he would have under his security interest. The purpose for applying the doctrine of *res judicata* in the *Downey* case was to eliminate the possibility of two actions where one would suffice. The fact that an execution lien relates back thus supports or at least is consistent with the reason for the rule recognized in *Downey*.

■ It therefore appears that there is nothing in the provisions of the Uniform Commercial Code which would vitiate the *Downey* decision. Liberty Loan, having obtained an *in personam* judgment without asserting its security interest, is precluded, under the principles of *res judicata,* from bringing a subsequent action to enforce its security interest. Liberty Loan is likewise precluded from enforcing its security interest against the trustee who steps into the shoes of the debtor for the purpose of the bankruptcy proceedings.

■ The second question decided by the Referee concerns Liberty Loan's rights under its judgment. The Referee concluded that the judgment did not entitle Liberty Loan to any status other than that of a general unsecured creditor. An *in personam* judgment does not act as a lien on personal property unless and until a levy is made. See Staker v. Gillen, 143 Kan. 212, 53 P.2d 821 (1936). Under K.S.A. 84-9-501(5) it is the lien of any levy, rather than the judgment itself, which relates back to the date the security interest was perfected. A levy is a procedural step to foreclose or take into legal possession the collateral and reduce it to money or its money value for the purpose of satisfying or paying the judgment in part or in whole. Liberty Loan did not, pursuant to its judgment, attempt to levy and obtain a lien on its collateral. It follows that Liberty Loan is not entitled to rely upon K.S.A. 84-9-501(5), i. e., since no levy was initiated it has no lien which can relate back. Furthermore, as the Referee pointed out, even a levy would have been a virtually fruitless endeavor, since most of the collateral, being household furniture and appliances and two automobiles, would have been exempt from execution under K.S.A.1972 Supp. 2304. The Court is therefore in accord with the Referee's conclusion that Liberty Loan should be treated as an unsecured creditor.

It is therefore ordered that the Trustee's motion to dismiss the appeal be, and the same is hereby, denied.

It is further ordered that the Referee's decision ordering that Liberty Loan be treated as an unsecured creditor be, and the same is hereby, affirmed.