WILLIAM E. DOYLE, Circuit Judge.
 

 This is an appeal from the final judgment of the United States District Court for the District of Kansas, which denied the plaintiffs-appellants’ request that the court declare that the Bank of Colorado is a general creditor of the bankrupt estate, rather than a secured creditor. Involved herein is an interpretation of C.R.S. 4-9-501(1) and (5), 1973. These are sections of the Colorado U.C.C..
 

 The effort of the trustee in bankruptcy was to obtain a judgment that the Bank of Colorado was a general creditor rather than a secured creditor. The ground for this request was that the bank had taken an
 
 in personam
 
 judgment against the bankrupt prior to bankruptcy, and had failed to foreclose or execute on the judgment, and the trustee said that this precluded enforcement of the security agreement against the bankruptcy trustee.
 

 The bankruptcy judge ruled that the Bank of Colorado should be relegated to the position of a general creditor. On appeal to the United States District Court for the District of Kansas, the bankruptcy judge was reversed, and the holding was that the bank’s remedies were cumulative and hence enforceable under C.R.S. 4-9-501(1), and thus the bank was not precluded by the doctrine of
 
 res judicata
 
 from asserting its remedy under the U.C.C. against the trustee. There is a stipulation in the record that the law of Colorado governs.
 

 The appellants maintain that the doctrine of
 
 res judicata
 
 bars the bank’s claim as a secured creditor. The trustee’s position is that the Kansas case of
 
 In re Wiison,
 
 390 F.Supp. 1121 (Kans. 1975) is on point, and that it dictates the
 
 res judicata
 
 result. It also points out that the facts in the two cases,
 
 In re Wiison, supra,
 
 and the present ease are identical.
 

 Judge O’Connor heard the appeal from the bankruptcy judge’s ruling which had held that the Colorado Springs bank, in view of its having pursued a remedy at law, could not turn around and seek to utilize the remedy of foreclosure. Judge O’Con-nor, however, refused to follow the
 
 In re Wiison
 
 decision, in view of the fact that the Colorado Court of Appeals in
 
 Bilar, Inc. v. Sherman, et al.,
 
 40 Colo.App. 38, 572 P.2d 489, (1977), had given strong indications that Colorado courts would have ruled in a manner different from the position which was taken by the United States District Court for Kansas in
 
 In re Wiison.
 

 
 *1284
 
 The statutory provisions in the two states are identical. In the
 
 Bilar
 
 case the Colorado Court of Appeals held that a creditor need not elect as between remedies. Those remedies were determined to be cumulative under Colorado Revised Statutes. C.R.S. 4-9-501(1). In his analysis of the
 
 Bilar
 
 decision, Judge O’Connor observed that the
 
 Bilar
 
 court had relied on cases and commentators which disagreed with the analysis of the Kansas Court in
 
 In re Wilson.
 
 Therefore, since Colorado law was conceded by all parties to be applicable, Judge O’Connor concluded that
 
 Bilar
 
 was the applicable authority at bar rather than the
 
 Wilson
 
 case.
 

 It is noteworthy that the trial court also gave effect to the fact that the Colorado judgment which the Bank of Colorado had received, that is, the money judgment against the Hills, specifically precluded execution while partial payments were being received according to a court established plan. There was no evidence that any payments were missed, and therefore, the bank was obligated to refrain from executing its judgment. The court thus felt that for this reason, also, it would be too harsh to preclude the bank from asserting its secured creditor’s status because it had not foreclosed or executed on the judgment.
 

 The decision of the Kansas court in
 
 In re Wilson, supra,
 
 was an appeal from a ruling of the bankruptcy referee disallowing appellant’s claim to a security interest in certain personal property and ordering that appellant’s claim be treated as an unsecured obligation. In the
 
 Wilson
 
 case the trustee moved the court to dismiss the appeal on the ground that appellant had failed to designate the record and issues on appeal as required by Rule 806 of the Bankruptcy Rules. This motion was denied, and the court proceeded to hear the issues that were raised on the basis of merits, that is, the facts as applied to several Kansas cases. It was concluded that Liberty Loan should be treated as a general unsecured creditor. The referee decided two separate but unrelated questions. First, the referee concluded that under the principles of
 
 res judicata,
 
 once Liberty Loan obtained a judgment on the debt, without also bringing an action in replevin or foreclosure on the collateral, Liberty Loan lost the right to assert its security interest in that collateral. Second, the referee determined that Liberty Loan’s judgment on the debt did not entitle Liberty Loan to any priority or give Liberty Loan any status other than that of a general unsecured creditor. Another Kansas ease was cited, In the Matter of Downey, unpublished, which was exactly the same fact situation and the exact result was reached.
 

 Kearny v. Nunn,
 
 156 Kan. 563, 134 P.2d 635, was an
 
 in personam
 
 action on a note secured by a real estate mortgage. The defendant filed an answer in which it alleged that in a former action the owner of the note had obtained a judgment
 
 in rem,
 
 foreclosing the mortgage without seeking an
 
 in personam
 
 judgment on the note. The Kansas Supreme Court, noting that the maker of the note was a party to the former action foreclosing the mortgage, and that an
 
 in personam
 
 action could have been brought at that time, held that the answer stated a valid defense under the doctrine of
 
 res judicata
 
 and the rule prohibiting splitting a cause of action. The
 
 res judicata
 
 rule relied upon by the court is stated in the opinion as follows:
 

 When all parties are in court and the court has full jurisdiction of the subject matter and parties and could determine all issues properly involved, all such issues should then be determined and that not only do the matters which are then ex.pressly determined, but also all other matters which might and should have been then determined becomes
 
 res judica-ta,
 
 and are not available to a party in a future action.
 

 See
 
 156 Kan. at 565, 134 P.2d at 636.
 

 Thus, this Kansas rule is a waiver of remedy doctrine which is designed to require litigants to join all of their claims in one action. Failure to do so sets the
 
 res judicata
 
 doctrine into action, and prevents a subsequent action to enforce the security interest. The question is whether the
 
 Bilar
 
 decision is out of harmony with this body of Kansas law.
 

 
 *1285
 
 The Colorado Court of Appeals, in
 
 Bilar,
 
 said that the determinative question presented by the appeal was whether a secured creditor who proceeded against collateral in the possession of the debtor by levy of an execution, but who failed to consummate those proceedings was deemed to have satisfied his judgment, regardless of the actual value of the property seized. The court concluded that he is not so precluded, and reversed the judgment of the trial court and remanded the case.
 

 Bilar, Inc. sold a business to G.J.S. Enterprises, Inc., which executed a promissory note with individual guarantors to secure a note in the amount of $40,000.00. Bilar commenced the action and obtained a default judgment against G.J.S. The claim against the other two defendants which sought a deficiency judgment was pending based on a default judgment. Bilar procured an execution of the judgment directed to the sheriff, and the sheriff thereafter attempted to serve a notice of levy. Finally certain goods of the parties were seized. Bilar realized some $5,000.00 for the property which was seized and which was sold, and it was this satisfaction which the defendants contended satisfied the judgment and prevented proceeding further. The question was whether it could proceed.
 

 The defense maintained that Bilar was conclusively presumed to have satisfied the judgment through its private sale after seizure of the property by the sheriff. Bilar said that the presumption of satisfaction was merely
 
 prima facie
 
 and rebuttable, as a matter of fact. The court ruled that no presumption of satisfaction of judgment arises as a result of a seizure of goods pursuant to an execution where the goods are not of sufficient value to satisfy the debt. The presumption of satisfaction becomes conclusive only upon a further showing that the property has been wasted through the misconduct or negligence of the plaintiff or officers. The court concluded that no basis existed upon which to uphold a summary judgment which was sought.
 

 In view of remand the Colorado Court of Appeals discussed the question of election or choice of remedies, and said that the creditor may pursue those methods of collection afforded under the code or through judicial processes otherwise available. Nor by effectuating the latter course of action does a creditor relinquish any right obtained by virtue of his security interest. The court quoted at length the comment on 4-9-501 which declares in part that under subsection (1), a secured party is entitled to produce his claim to judgment or to foreclose his interest by any available procedure, outside this article, which state law may provide. The first sentence of subsection (5) makes it clear that any judgment lien which the secured party may acquire against the collateral is, so to say, a continuation of his original interest (if perfected) and not the acquisition of a new interest or transfer of property to satisfy an antecedent debt.
 

 We must conclude that if the trial judge was correct in ruling that the
 
 Bilar
 
 case is at odds with
 
 In re Wilson,
 
 and that Colorado law is to govern, then the decision of Judge O’Connor was correct. We hold that it is.
 

 The appellants deny that the court’s interpretation of “cumulative” as defined in C.R.S. 4-9-501 is accurate. That provision states that a creditor may reduce his claim to judgment, or foreclose, or otherwise enforce the security interest by any available judicial proceeding. The provision goes on to say that the rights and remedies referred to in this subsection are cumulative. The appellants assert that if Judge O’Connor’s interpretation of the word “cumulative” to mean that the security creditor can first sue on a note and later on a security interest is correct, then the relation-back provision of subsection (5) is merely surplusage, since the security interest would survive regardless of execution. They say that the cumulative language serves to support
 
 res judicata
 
 since subsection (5) allows the security interest to relate-back only if the creditors elected the judgment route and levied on the property. Thus, appellant's contention is that the drafters of the statute added the cumulative language merely
 
 *1286
 
 to avoid a reading of the word “or” as meaning the party had to elect its remedies; the legislature did not abrogate the doctrine of
 
 res judicata,
 
 but the doctrine of election of remedies.
 

 The appellees say that under the rule of
 
 stare decisis
 
 decisions of courts of one state which are interpreted in an identical statute to the statute of the state making the decision should be given great weight. The rule of
 
 stare decisis
 
 does not require any court to follow a judicial rule which is erroneous. Appellees maintain that the doctrine of election of remedies only precludes a person who has multiple legal remedies from progressively pursuing inconsistent remedies, but does not require that the person choose between consistent remedies, which we have here. Appellees further maintain that the doctrine of
 
 res judicata
 
 only provides that the same parties may not litigate the same controversy twice. It does not preclude parties from asserting different consistent remedies. In other words the party is entitled to follow remedies which seek to, first, obtain a judgment and, second, to realize on the judgment, and the doctrine of election of remedies does not enter into this at all, because the remedies are fully consistent. The party is entitled to pursue the cause until he achieves satisfaction, and that is all that the plaintiff in this case was doing. He was following the consistent remedies which are listed in C.R.S. 4-9-501(1). To interpret the doctrine of
 
 res judicata
 
 the way the appellants seek to do so would be to nullify the word “cumulative” in the statute.
 

 We are of the opinion that the trial court ruled correctly, and that the judgment should be, and the same is hereby, affirmed.