**In re Joyce Ann CANNON, Debtor.**

**Bankruptcy No. 94–21645–7.**

United States Bankruptcy Court, D. Kansas.

Aug. 28, 1995.

Robert Hadley Hall, Leavenworth, KS, for debtor.

Scott McGlasson of Glenn, Cornish, Hanson & Karns, Topeka, KS, for Beneficial Kansas, Inc.

*ORDER GRANTING BENEFICIAL KANSAS, INC.'S MOTION FOR DETERMINATION OF SECURED STATUS* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Before the debtor Joyce Ann Cannon filed this Chapter 7 case on September 12, 1994, creditor Beneficial Kansas, Inc. ("Beneficial") sued her in state court to collect on a promissory note.[2] However, in the state court suit,

---

1. Debtor appears by her attorney, Robert Hadley Hall, Leavenworth, Kansas. Beneficial Kansas, Inc. appears by its attorney, Scott McGlasson of the firm of Glenn, Cornish, Hanson & Karns, Topeka, Kansas.

2. The pleadings and attached exhibits indicate that Beneficial sued the debtor in the District Court of Leavenworth County, Kansas, on July 27, 1994, using the Small Claims Procedure of the Code of Civil Procedure for Limited Actions, K.S.A. § 61–1601 et seq. The petition demanded judgment for $1,000.

Beneficial failed to demand foreclosure of its U.C.C. security interest in the following property:[3] "rifle/gun; grandfather clock; paintings; Hummel collection; 2 diamond 1 ct.; 1 diamond & sapphire; 4 gold bracelets, and weights and rowing machine."[4]

When the debtor failed to answer the petition, Beneficial moved for default judgment. Acting on the motion for default judgment, the state court noted in its Trial Docket dated August 17, 1994:[5]

Pltf. By representative. Def. does not appear. Court grants the pltf. default judgment per prayer, upon surrender of note. Advised 10 days to appeal.

The question is whether Beneficial has obtained a state court judgment that now prevents it from enforcing its security interest. For the following reasons the Court finds that the state court did not enter a formal judgment that could have affected Beneficial's security interest.[6]

A letter dated December 30, 1994, from Anita Scarborough, Leavenworth County District Court Clerk, to Mark Bechtold of Beneficial Kansas, Inc., explains the state judge's reference to "surrender of note" in his Trial Docket note:[7]

I have been instructed by the Honorable Judge Philip Lacey to notify you of his decision that Notes are negotiable instruments and it is the court's policy to sign journal entries of judgment only upon surrender of the original Notes. The Court then signs the journal entry and cancels the original Note as being surrendered for the judgment.

To date, no Journal Entry of Judgment has been entered in the above-mentioned case.

I hope that this is the information you needed as per our telephone conversation.

Debtor claims (1) that a state court judgment exists because the debtor confessed judgment there; (2) that Beneficial is estopped from denying the existence of the judgment because Beneficial had issued a wage garnishment; and (3) that Beneficial waived its security interest by taking a judgment against the debtor without foreclosing its security interest, However, beyond the debtor's bald statement in her response that she had confessed judgment, nothing in the record supports a finding that the statement is true. And, while the record does show that Beneficial requested a garnishment, nothing in the record shows actual withholding of debtor's wages under the garnishment.[8] Finally, nothing in the record proves that Beneficial surrendered the note to the state court or that the court entered a formal judgment.

The Court agrees with Beneficial that no judgment has been entered in the state court case. The notation on the trial docket and the letter from the Leavenworth County District Court Clerk make clear that the state

---

3. Beneficial has not favored the Court with a copy of its security agreement, but it indicates the debtor signed the note and security agreement in favor of Beneficial on or about April 12, 1994.

4. Debtor listed this property in Schedule B—Personal Property—as "Household goods & furnishings In debtor's possession," which she valued at $1500. Using the same value and description, she claimed the property exempt in Schedule C—Property Claimed as Exempt.

5. See Exhibit 2 to Response of Debtor to "Motion For Determination of Secured Status of Beneficial Kansas, Inc. Claim" filed January 31, 1995, for a copy of the "Trial Docket" in the case of Beneficial Kansas, Inc. v. Joyce Cannon, Case No. 9407SC00145, in the Small Claims Court of Leavenworth County, Kansas.

6. The Court does not reach the question of whether a secured creditor who obtains judgment without foreclosing its security interest is prevented by the doctrine of res judicata from asserting a secured claim in the defendant's later bankruptcy. See Hill v. Bank of Colorado, 648 F.2d 1282 (10th Cir.1981); In re Wilson, 390 F.Supp. 1121 (D.Kan.1975); Kearny County Bank v. Nunn, 156 Kan. 563, 134 P.2d 635 (1943).

7. Exhibit B to Reply of Beneficial Kansas, Inc. to the Response of Debtor to Motion for Determination of Secured Status of Beneficial Kansas, Inc. Claim filed February 9, 1995.

8. Exhibit 3 to debtor's response is a copy of a Request for Wage Garnishment filed August 29, 1994, by Beneficial in the Leavenworth County action. The garnishment was mistakenly directed to Beneficial as garnishee on August 29, 1994, or perhaps Beneficial was debtor's employer.

court would not enter judgment until Beneficial surrendered the note; yet no one contends that Beneficial surrendered the note.

This matter came before the Bankruptcy Court on Beneficial's motion to determine the secured status of its claim. In addition, Beneficial asked that the debtor be ordered to comply with § 521(2)(A), a Code section requiring the debtor to state whether she will retain, surrender, or redeem the pledged property or reaffirm the debt secured by the property. But for Beneficial's request, the Court would question the nature of its jurisdiction to decide the validity of the creditor's security interest in property removed from the estate by exemption. However, since § 521(2)(A) is implicated, the Court finds this proceeding is core under 28 U.S.C. § 157 and within its jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan. Rule 705).

Therefore, the Court directs debtor to comply with § 521(2)(A) within ten days of the date of this order. Beneficial's security interest remains intact. Debtor's request for an award of attorney's fees against Beneficial is denied.

IT IS SO ORDERED.